**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10359 |
| Plaintiff-Appellee, | D.C. No. 1:10-cr-00232-HG |
| v. | |
| CHARLES M.F. KAHALEHOE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding
Alan C. Kay, District Judge, Presiding

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Charles M.F. Kahalehoe appeals special condition of supervised release

number seven, which was imposed following revocation of his supervised release

and which states:  "If the defendant is able to be compliant with the conditions of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supervised release, the Court would have no objection to the defendant resuming school in the fall of 2017." We have jurisdiction under 28 U.S.C. § 1291, and we remand for further proceedings.

As an initial matter, we note that Kahalehoe's supervised release was revoked again while this appeal was pending. He was sentenced to a custodial term of six months, to be followed by a supervised release term of 50 months, and the challenged condition was reimposed, this time as special condition number eight. In light of these circumstances, we agree with Kahalehoe that his appeal is not moot. *See Foster v. Carson,* 347 F.3d 742, 746 (9th Cir. 2003) (explaining "capable of repetition, yet evading review" exception to mootness).

We also agree that the challenged condition as written is vague as to the meaning of "school" and as to what constitutes compliance sufficient to permit Kahalehoe's return to school. *See United States v. Sales*, 476 F.3d 732, 737 (9th Cir. 2007) (this court must review the language of the condition as written and defendant "cannot be left to guess" about the intended meaning of that language). Therefore, we remand to the district court to vacate special condition eight in the February 22, 2017, judgment. On remand, the court must explain how any educational restriction is reasonably related to deterrence, protection of the public,

16-10359

and Kahalehoe's rehabilitation, and involves no greater deprivation of liberty than is reasonably necessary to achieve those goals. *See* 18 U.S.C. § 3583(d).

**REMANDED with instructions.**