NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES M.F. KAHALEHOE,

Defendant-Appellant.

No.    17-10449

D.C. No. 1:10-cr-00232-HG-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted October 9, 2018
Honolulu, Hawaii

Before:  WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Charles Kahalehoe appeals the imposition of a special condition of

supervised release that prohibits him from enrolling in any "classes aimed at

becoming a drug or certified substance abuse counselor . . . for a period of

approximately one year." We review a challenged supervised release condition for

abuse of discretion when trial counsel objects to the condition, and whether a

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

special condition violates the Constitution de novo. *United States v. Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We vacate the condition of supervised release and remand with instructions to strike the condition from the judgment.

1. The expiration of the special condition on September 1, 2018 does not moot Kahalehoe's claim.[1] Kahalehoe remains on supervised release, and the condition may be re-imposed. It is therefore "capable of repetition, yet evading review." *Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003) (quoting *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000)). The district court has already twice imposed almost identical educational restrictions on Kahalehoe. It is thus reasonably likely that if Kahalehoe violates the conditions of his supervised release again, the district court would once more impose a similar educational restriction. Moreover, "the challenged action is too short in duration to be fully litigated before cessation or expiration." *Id.* (quoting *Cole*, 228 F.3d at 1098).

2. The district court abused its discretion in imposing the special condition. The condition does not "reasonably relate[] to the goals of deterrence, protection of the public, and/or defendant rehabilitation," and it involves "greater deprivation of

---

[1]    In a prior appeal, we ruled that this claim was not moot. *See United States v. Kahalehoe*, 693 F. App'x 597, 598 (9th Cir. 2017) (mem.).

2

liberty than is reasonably necessary to achieve those goals." *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010) (discussing the requirements of 18 U.S.C. § 3583(d) on supervised release conditions).

First, there is no logical nexus between an educational restriction and the goal of deterring illegal drug use while on supervised release. *See* 18 U.S.C. § 3553(a)(2)(B). Moreover, the district court's conclusory reasoning—that the condition "is reasonably related to deterrence because it demonstrates to others that there are consequences to repeated use of controlled substances while on supervised release"—fails to elucidate how the specific condition would realize the deterrent effect of the special condition, as distinct from the obvious consequences of violating the prohibition of using controlled substances themselves—revocation and imprisonment.

Second, the district court erroneously concluded that the special condition "protects the public by requiring [Kahalehoe] to demonstrate that he is able to maintain his own sobriety before he provides counseling to the public on how to maintain sobriety." *See* 18 U.S.C. § 3553(a)(2)(C). Again, nothing logically tethers an educational restriction to the statutory goal of protecting the public. The restriction does not prohibit Kahalehoe from working as a substance abuse counselor, which he previously did so for many years. No record evidence shows how the condition actually protects the public in any way.

Third, the special condition does not reasonably relate to Kahalehoe's rehabilitation. *See* 18 U.S.C. § 3553(a)(2)(D). Record evidence neither ties Kahalehoe's supervised release violations involving drug use to the classes he took before the district court imposed the special condition, nor connects his former work as a substance abuse counselor to his offense of conviction. To the contrary, the record indicates that Kahalehoe's relapses occurred after he left school and that Kahalehoe entered into drug trafficking after he left employment as a substance abuse counselor. The special condition has no reasonable basis in the record, and so involves greater deprivation of liberty than is reasonably necessary.

Instead, the district court's statements regarding the challenged special condition evince a punitive purpose behind its imposition. The court opined that "a person who is using drugs is [not] a suitable person to go and spend public money to train to be a drug counselor," and that "there are other people who deserve [public funds Kahalehoe received in the form of an educational grant] more" than he. But "[t]he provision of just punishment is *not* a criterion for supervised release conditions." *United States v. Eyler*, 67 F.3d 1386, 1393 (9th Cir. 1995) (emphasis added) (citation omitted); *see also* 18 U.S.C. § 3583(d) (excluding 18 U.S.C. § 3553(a)(2)(A) from the factors to be considered in imposing a condition of supervised release).

3. The special condition is not an impermissible occupational restriction

4

under United States Sentencing Guidelines § 5F1.5 because it does not prohibit Kahalehoe from seeking employment in his pre-conviction profession, i.e., as a non-certified substance abuse counselor. *See United States v. Rearden*, 349 F.3d 608, 622 (9th Cir. 2003); *see also United States v. Daniels*, 541 F.3d 915, 929 (9th Cir. 2008).

**VACATED and REMANDED with instructions.**