FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JEWEL AQUINO, Defendant - Appellant. | No. 14-10360 D.C. No. 1:10-cr-00023-SOM-5 OPINION |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted June 8, 2015
Honolulu, Hawaii

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

OWENS, Circuit Judge:

Appellant Jewel Aquino challenges (1) the district court's finding that she lied to her probation officer when she denied using any "illicit drugs" and (2) a special condition of supervised release that prohibits her from knowingly using or possessing any substance that she "believe[s] is intended to mimic" the effects of a controlled substance. We have jurisdiction under 28 U.S.C. § 1291, and we vacate

Aquino's sentence and remand for resentencing.

## I. FACTS

Aquino pleaded guilty to one count of violating 18 U.S.C. § 1591(a)(1), (b)(2), and was sentenced to thirty-three months of incarceration followed by three years of supervised release with numerous standard and special conditions. Standard Condition No. 3 required Aquino to "answer truthfully all inquiries by the probation officer."

Upon release from prison, Aquino did poorly on supervised release, with a series of violations in 2013 (including a violation of Standard Condition No. 3). The district court sentenced her to nine months' imprisonment, followed by twenty-four months of supervised release.

Aquino stumbled again in 2014. On May 28, 2014, her probation officer called her about a missed mandatory counseling session, and Aquino's speech sounded slurred. When questioned about her speech, Aquino "denied consuming alcohol, taking medication or using any illicit drugs." On May 29, Aquino called her probation officer and said that she had been in a car accident the day before. She said that she had passed out after speaking with the probation officer, and the next thing she remembered was first responders waking her up. Her young child had been in the car, along with a friend (who took the child from the car after the

accident).  On May 30, Aquino reported to the probation office and took a drug test, which was "presumptive positive for spice," a synthetic form of marijuana. Aquino admitted that she had smoked spice on May 28 "to take the edge off," and that a friend had told her that spice would not appear on a drug test.

The probation officer alleged numerous violations against Aquino, and she admitted several.  After a couple of hearings and consultation with counsel, however, Aquino denied the third alleged violation: that she "failed to answer truthfully this officer's inquiry on 5/28/2014, in violation of Standard Condition No. 3."  A laboratory drug test, which checked for fifteen of the hundreds of synthetic marijuana compounds, came back negative, meaning that it was unclear whether the substance that Aquino consumed was actually a controlled substance. The probation officer also did not testify at any of the hearings, so the prosecutor was stuck with the statement as alleged; he did not provide any additional context or details as to the conversation between the probation officer and Aquino.[1]

Aquino argued that while she smoked spice, the government had failed to

---

[1] For example, it is possible that the probation officer asked Aquino if she was intoxicated, or if she had smoked anything.  A denial as to these questions would have been untruthful.  But because the probation officer did not testify, we are limited to the written allegation.  We appreciate the prosecutor's candor during argument that, in hindsight, he could have called the probation officer as a witness and provided more context for the conversation.

prove that it was an "illicit drug"—the laboratory drug test did not reveal the presence of any controlled substances in Aquino's system. Therefore, according to Aquino, the government could not prove that her denial of consuming an "illicit drug" was in fact untruthful in violation of Standard Condition No. 3. The district court, concerned with Aquino's poor behavior on release and her questionable candor, found that she had violated the condition because "she would have known that the officer was trying to figure out why is [her] speech slow and slurred. . . . [So] even in the best case scenario looking at this report, I think there was a material omission."

Due to this violation (as well as the three other violations that Aquino admitted and are not in dispute), the district court sentenced Aquino to three months' imprisonment with twenty-one months of supervised release to follow. The court also added Special Condition No. 9: "[Y]ou may not knowingly use or possess any substance, controlled or not controlled, that you believe is intended to mimic the effect[s] of any controlled substance."[2]

---

[2] The written version of Special Condition No. 9 differs slightly. While the oral condition usually trumps the written when there is a discrepancy, *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1163 (9th Cir. 2010), any difference is immaterial here because we vacate this condition, *see infra.*

## II.  STANDARD OF REVIEW

"On a sufficiency-of-the-evidence challenge to a supervised release revocation, we ask whether, 'viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence.'" *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (quoting *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007)).

"'We review for abuse of discretion the conditions of supervised release set by the district court and challenged on . . . appeal' when trial counsel objects to a supervised release condition." *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012) (ellipsis in original) (quoting *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010)).  "Whether a supervised release condition illegally exceeds the permissible statutory penalty or violates the Constitution is reviewed de novo." *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

## III.  DISCUSSION

### A.     Standard Condition No. 3

"[I]t is the government that bears the burden to demonstrate that a defendant has violated a condition of his supervised release." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).  While the burden is only a preponderance of the

5

evidence (and not beyond a reasonable doubt), to prove the violation "there must still be credible evidence the releasee actually violated the terms of supervised release." *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). To satisfy its burden as to Standard Condition No. 3, the government needed to show that Aquino did not "answer truthfully" when she "denied consuming alcohol, taking medication or using any illicit drugs."

The government failed to meet its burden. The government proved that (1) Aquino smoked spice, (2) was irresponsible, and (3) was being coy. But it never demonstrated that Aquino in fact lied when she denied consuming an "illicit drug," as it never established that the variety of spice that Aquino smoked contained a controlled substance. As far as the record establishes, her denial, while evasive, was literally true, and literal truth cannot equal falsity. *See Bronston v. United States*, 409 U.S. 352, 361-62 (1973); *United States v. Castro*, 704 F.3d 125, 139 (3d Cir. 2013) ("[W]hen a statement is literally true, it is, by definition, not false and cannot be treated as such under a perjury-type statute, no matter what the defendant's subjective state of mind might have been."). *See generally* Emily Phillips, *Perjury*, 51 Am. Crim. L. Rev. 1521, 1529-32 (2014). Aquino cannot be punished because her probation officer asked the wrong question. *See Bronston*, 409 U.S. at 362; *United States v. Sainz*, 772 F.2d 559, 564 (9th Cir. 1985).

6

The district court was also wrong to suggest that Aquino's failure to be more forthcoming was a "material omission." In other contexts, this court has punished material omissions because they "are necessary to make disclosed statements, whether mandatory or volunteered, not misleading." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 504 (9th Cir. 1992). In this case, Aquino's probation officer did not need to know whether Aquino had smoked spice to assess accurately her statement that she had not taken any "illicit drugs." She was told the "total story" with respect to this question. *See United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.), *amended on other grounds by* 769 F.2d 1410 (9th Cir. 1985). To be sure, the probation officer would have liked to have known that Aquino had smoked spice, but Aquino's failure affirmatively to disclose this information did not make her answer to the question asked false. *Cf. Desai v. Deutsche Bank Sec., Ltd.*, 573 F.3d 931, 939 (9th Cir. 2009) (per curiam) ("The person who omitted the material information must have had a duty to disclose it to the person supposedly harmed by the omission."). If Aquino had robbed a bank and her probation officer had asked if she had burned a bank down, we would not say that she failed to "answer truthfully" or made a material omission by answering "no."

We appreciate the district court's concern with Aquino's evasiveness, especially in light of her poor performance on release. But we are limited to the

7

allegation that the probation officer made, and as to that allegation, there was insufficient evidence to uphold the violation.[3] We therefore vacate Aquino's sentence, and remand the case for resentencing.

## B. Special Condition No. 9

We also address Special Condition No. 9, imposed because the district court wanted to prohibit Aquino from using any substances that could lead to another dangerous accident or incident. *Cf., e.g.*, *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1097-98 (9th Cir. 2015) (addressing applicability of sentencing enhancement "to provide guidance to the district court on remand"); *Saffron v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 872 (9th Cir. 2008) ("In order to avoid unnecessary disputes on remand, we offer additional guidance for the parties and the district court . . . .").

Aquino argues that Special Condition No. 9's restriction—that she cannot use any substance that she "believe[s] is intended to mimic the effect[s] of any controlled substance"—is impermissibly vague, as it could cover innocuous substances such as chocolate and coffee, both of which (a) can be highly addictive,

---

[3] Though Aquino admitted to three other violations of her conditions of supervised release, the government does not argue that the district court's error was harmless. We decline to sua sponte recognize the error as harmless, because the issue is "reasonably debatable." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1101 (9th Cir. 2005).

(b) fuel a significant percentage of American adults daily, and (c) can serve as an "upper." Red Bull, Diet Mountain Dew Code Red, Jolt Cola (popular in the 1980s), and countless other sodas, for instance, could fall into this category.

The district court surely never intended to deprive Aquino of chocolate or coffee; we know what it was trying to accomplish, and we agree that it was an appropriate goal. But "[w]e review the language of the condition as it is written and cannot assume . . . that it will be interpreted contrary to its plain language." *United States v. Cope*, 527 F.3d 944, 958 (9th Cir. 2008) (quoting *United States v. Sales*, 476 F.3d 732, 737 (9th Cir. 2007)); *see also United States v. Soltero*, 510 F.3d 858, 867 n.10 (9th Cir. 2007) (per curiam). Nor can the government save a condition by "promis[ing] to enforce it in a narrow manner." *Soltero*, 510 F.3d at 867 n.10. And as written (or here, orally pronounced), Special Condition No. 9 is impermissibly vague. "A supervised release condition 'violates due process of law if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *King*, 608 F.3d at 1128 (quoting *Soltero*, 510 F.3d at 866). We agree with the Seventh Circuit that Aquino should not be forced to guess whether an overzealous probation officer will attempt to revoke her supervised release for drinking a grande iced nonfat chai with a shot of espresso. *See United States v.*

9

*Siegel*, 753 F.3d 705, 713 (7th Cir. 2014) (rejecting a similar condition that prohibited the "purchase, possession, or use of any 'mood altering substances'").

We do not intend to leave the district court with an empty cupboard. District courts have "wide discretion to fashion special conditions so long as they are 'reasonably related' to the goals of supervised release and involve 'no greater deprivation of liberty than is reasonably necessary.'" *United States v. Kennedy*, 643 F.3d 1251, 1259 (9th Cir. 2011) (citation omitted) (quoting 18 U.S.C. § 3583(d)). Although it erred by not appropriately tailoring Special Condition No. 9, the district court was well within this broad discretion in trying to ensure that Aquino avoid the substances and circumstances that have led to so much trouble and danger for her and her daughter. *See, e.g.*, *Watson*, 582 F.3d at 983 ("Separating a convicted felon from negative influences in his prior life is reasonably related to the permissible goals of deterrence and rehabilitation and is a common purpose of supervised release."); *United States v. Ross*, 476 F.3d 719, 722 (9th Cir. 2007) (approving of special conditions designed to "prevent reversion into a former crime-inducing lifestyle" (quoting *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991))). There are several nonexclusive options available to the district court on remand.

First, if the district court is concerned that Aquino may drive while impaired,

her conditions of release already prohibit such activity. No one on supervised release may commit a state crime, *see* 18 U.S.C. § 3583(d), and driving "[w]hile under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner" is a crime in Hawaii, *see* Haw. Rev. Stat. § 291E-61(a)(2).

Second, if the district court is concerned about Aquino consuming substances that impair her faculties generally, then we note that this same statute prohibits driving "[w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties." *Id.* § 291E-61(a)(1). In *United States v. Kappes*, the Seventh Circuit offered a specific alternative along these lines: "A better definition for [the substances that are prohibited], although not the only one, would be 'psychoactive substances that impair physical or mental functioning, including street, synthetic, or designer drugs.'" 782 F.3d 828, 853 (7th Cir. 2015) (quoting *Siegel*, 753 F.3d at 713). Without endorsing that particular formulation, we note that a prescription exception would have to be added, as medicine for both psychiatric and physical conditions can have the proscribed effects.

Third, as Aquino proposes in her briefing to this court, the district court could prohibit her from consuming "controlled substance analogue[s]" as defined by federal law.  *See* 21 U.S.C. § 802(32).[4]

There are surely other ways to prevent Aquino from consuming substances like spice that will impair her judgment, and we leave the precise wording of a supervised release condition to the district court.  But we reiterate that any such condition must comply with our precedent regarding vagueness.

## IV.  CONCLUSION

We appreciate the efforts to keep Aquino and those around her safe.  Yet either because the probation officer erred in not asking the right question or the prosecutor erred in not having the probation officer testify (or both), there is

---

[4] At oral argument, counsel for Aquino suggested that no special condition is needed because Aquino is already prohibited from violating federal law or unlawfully possessing or using a controlled substance, and substances like spice qualify as controlled substance analogues.  *See* 21 U.S.C. §§ 813, 844 (criminalizing simple possession of a controlled substance analogue).  Nevertheless, the Supreme Court recently clarified that the applicable mens rea in this context requires either (a) knowledge that the substance is treated as a controlled substance analogue or (b) knowledge that the substance has a "chemical structure" that is "substantially similar to the chemical structure of a controlled substance in schedule I or II."  *McFadden v. United States*, 135 S. Ct. 2298, 2304 (2015) (quoting 21 U.S.C. § 802(32)(A)(i)).  Though we decline to expound on this standard, we note that Aquino's conduct could conceivably fall outside of it—as there is no evidence that she had knowledge of either the concept of a controlled substance analogue or the "chemical structure" of the spice that she smoked.

insufficient evidence that Aquino did not "answer truthfully." Within the bounds of our precedent, we leave it to the district court to impose an appropriate sentence on remand, including a condition designed to prevent her from repeating the conduct that led to this appeal.

**VACATED and REMANDED.**

## COUNSEL

Salina Kanai Althof (argued), Assistant Federal Defender, and Peter C. Wolff, Jr., Federal Public Defender, Honolulu, Hawaii, for Defendant-Appellant.

Thomas J. Brady (argued), Assistant United States Attorney, and Florence T. Nakakuni, United States Attorney, Honolulu, Hawaii, for Plaintiff-Appellee.