NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10251 |
| Plaintiff-Appellee, | D.C. No.<br>3:11-cr-08173-NVW-1 |
| v. | |
| MICHAEL EARL YELLOW, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted August 11, 2017
Pasadena, California

Before:  FARRIS, CALLAHAN, and OWENS, Circuit Judges.

Michael Yellow appeals the district court's imposition of a ten-year term of supervised release with special conditions relating to a 1993 sex offense conviction, a 2011 conviction for failure to register as a sex offender, and subsequent supervised release violations.  We review sentencing decisions, including the reasonableness of special conditions, for abuse of discretion, and

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

whether a particular condition of supervised release violates the Constitution de novo. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *United States v. Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not abuse its discretion in imposing a ten-year supervised release sentence. It rationally and meaningfully considered all of the relevant 18 U.S.C. § 3553(a) sentencing factors and fully explained how those factors justify a ten-year sentence. *See United States v. Miqbel*, 444 F.3d 1173, 1177 (9th Cir. 2006); *United States v. Rudd*, 662 F.3d 1257, 1261 (9th Cir. 2011). The court explained the sentence was justified "partly because of the nature of the underlying offenses"—a child sex offense and failure to register offense—as well as Yellow's need to complete sex offender treatment. The court also noted Yellow's failure to report his whereabouts was a "very, very serious" supervised release violation in light of his repeated failures to comply with supervised release obligations. Finally, the court justified the sentence by pointing to Yellow's violation of the court's trust. There was no procedural error or substantive unreasonableness in the sentence the district court imposed.

**2.** Likewise, the district court did not abuse its discretion in imposing special conditions including sex offender treatment, polygraph testing, a pornography restriction, an occupational restriction, and a provision prohibiting

2

knowing contact with minors. The court rationally and meaningfully considered the § 3553(a) factors, and reasonably concluded those conditions were necessary to protect the public and rehabilitate Yellow. Nothing in the record suggests the conditions involve a greater deprivation of liberty than necessary. *Cf. United States v. Wolf Child*, 699 F.3d 1082, 1092, 1096–97 (9th Cir. 2012).

**3.** The special condition prohibiting knowing contact with minors is not unconstitutionally vague. People of common intelligence need not "necessarily guess at" the meaning of "knowing contact" or "knowingly in the company of," and known minors is a clearly defined and unambiguous group. *See United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (citation omitted); *United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010).

**AFFIRMED.**