NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff-Appellee,<br><br>v.<br><br>ANTONIO ALVAREZ-MORENO, a.k.a.<br>Antonio Alvarez,<br><br>       Defendant-Appellant. | Nos. 18-10047<br>       18-10049<br><br>D.C. Nos. 2:17-cr-01402-GMS<br>       2:17-cr-00460-GMS<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 12, 2018**

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

In these consolidated appeals, Antonio Alvarez-Moreno appeals the sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326, and revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In Appeal No. 18-10047, Alvarez-Moreno contends that the district court procedurally erred by imposing a three-year term of supervised release without explicitly addressing U.S.S.G. § 5D1.1(c), which states that the court ordinarily should not impose supervised release when the defendant is a deportable alien who likely will be deported after imprisonment. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record makes clear that, even if the court had explicitly acknowledged the Guidelines provision at issue, it would have imposed the same three-year term of supervised release given its concerns about the need to deter Alvarez-Moreno. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008) (no plain error where a defendant cannot show "a reasonable probability that he would have received a different sentence" absent the alleged error).

Alvarez-Moreno next argues that the district court imposed inappropriate, unlawful, or vague supervised release conditions. The district court did not plainly err. *See United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008). Given Alvarez-Moreno's representation that he was pursuing legal status in the United States, the district court imposed conditions that were reasonably related to "deterrence, protection of the public, or rehabilitation." *United States v. Watson*, 582 F.3d 974, 982 (9th Cir. 2009) (citation and quotation omitted). Further,

contrary to Alvarez-Moreno's contentions, the challenged conditions are not "so vague that [they] fail[] to provide people of ordinary intelligence with fair notice of what is prohibited." *United States v. Sims*, 849 F.3d 1259, 1260 (9th Cir. 2017).

In Appeal No. 18-10049, Alvarez-Moreno appeals the judgment revoking his supervised release. No term of supervised release was imposed in those proceedings, and Alvarez-Moreno does not challenge any aspect of the revocation or the four-month consecutive custodial sentence imposed upon revocation. Thus, any challenge to the judgment revoking supervised release is waived. *See United States v. Loya*, 807 F.2d 1483, 1486-87 (9th Cir. 1987).

**AFFIRMED.**