**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10509 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-01873-RM-BGM-1 |
| v. | |
| JON FREDERICK EWENS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted March 4, 2019
Phoenix, Arizona

Before:  CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Defendant Jon Ewens appeals the district court's imposition of several conditions of supervised release.  Because Ewens did not assert a specific objection to these conditions in district court, we review for plain error.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Because we have not held that a total ban on computer use implicates a "particularly significant liberty interest," *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012), the district court's failure to make specific on-the-record findings before imposing Special Condition 7 was not a "clear or obvious" procedural error. *United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015) (internal quotation marks and citation omitted). Further, because we have approved of similar bans on computer use in cases where a computer played an "integral" role in the defendant's crime of conviction, *United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016), the district court did not commit a plain substantive error in imposing this condition.

The district court did not plainly err in imposing Standard Condition 9, because the condition is not "so vague that it fails to provide people of ordinary intelligence with fair notice of what is prohibited." *United States v. Sims*, 849 F.3d 1259, 1260 (9th Cir. 2017). Further, because we construe the condition "consistent with well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea*," it does not reach unknowing or incidental contacts with law enforcement officers. *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008). Ewens's reliance on *United States v. Maloney*, 513 F.3d 350,

357–59 (3d Cir. 2008), is misplaced, because it involved an as-applied, rather than a facial, challenge, and in any event, it is not binding precedent.

We previously discussed the version of Standard Condition 12 imposed by the district court here with implicit approval. *See United States v. Evans*, 883 F.3d 1154, 1164 (9th Cir. 2018). Therefore, any error in imposing this condition was not clear or obvious. *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003).

Finally, the district court did not plainly err in imposing Standard Condition 13. The provision does not give a probation officer unlimited discretion, because the officer's instructions must be "related to the conditions of supervision." Moreover, no precedent indicates that the provision is vague or overbroad.[1]

**AFFIRMED.**

---

[1] Ewens's challenge to Special Condition 3 is moot because the district court modified that condition based on the parties' agreement.

3