NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16850 |
| Plaintiff-Appellee, | D.C. No. 2:06-cr-00283-JAM |
| v. | |
| JOHN MARVIN BALLARD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 17, 2019[**]

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

John Marvin Ballard appeals pro se from the district court's judgment

dismissing his petition for a writ of error coram nobis.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

Ballard's petition argued that his conviction for scheming to conceal a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

material fact, in violation of 18 U.S.C. § 1001(a)(1), was invalid because his statements to his probation officer, though incomplete and evasive, were technically truthful. The district court denied Ballard's petition on the basis that he had not shown valid reasons for failing to challenge his 2006 conviction earlier. Reviewing de novo, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), we agree with the district court that Ballard is not entitled to coram nobis relief. The record shows that Ballard knew as early as 2006 that he could attack his conviction on the ground that his statements were technically true, and, contrary to his claim, *United States v. Aquino*, 794 F.3d 1033 (9th Cir. 2015), did not create new law regarding that issue. Nor does Ballard's claim of actual innocence explain his delay. Under these circumstances, the district court properly denied the petition, *see Riedl*, 496 F.3d at 1006, and did not abuse its discretion in denying Ballard's request for counsel, *see United States v. Wells*, 879 F.3d 900, 911 (9th Cir. 2018).

To the extent Ballard is asking for release from civil commitment, he must seek relief in the Eastern District of North Carolina.

**AFFIRMED.**

17-16850