**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-10200 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00538-JSW-1 |
| v. | |
| DELAY GRAHAM, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 13, 2019[**]
San Francisco, California

Before:  GOULD and IKUTA, Circuit Judges, and PEARSON,[***] District Judge.

Defendant Delay Graham appeals the district court's imposition of a

condition of supervised release (special condition 2) which states that Graham

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

"must not associate with any mem[ber] of the Ghost Town Gang, and must not wear the clothing, colors, or insignia of the Ghost Town Gang." We have jurisdiction under 28 U.S.C. § 1291.

Because Graham did not object to special condition 2 in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have not held that a condition that prohibits contact with gang members, even when the defendant's sibling is a gang member, implicates a "particularly significant liberty interest." *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012). Therefore, the district court's failure to make specific on-the-record findings before imposing special condition 2 was not a "clear or obvious" procedural error. *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003). Further, the district court did not commit a substantive error in imposing the condition, because there is sufficient evidence that Graham was a member of the Ghost Town Gang, and (even if he were not a member) prohibiting Graham from associating with gang members furthers the statutory goals of deterring future criminal conduct and protecting the public. *See United States v. Evans*, 883 F.3d 1154, 1161 (9th Cir. 2018).

Finally, special condition 2 is not "so vague that it fails to provide people of ordinary intelligence with fair notice of what is prohibited." *United States v. Sims*,

849 F.3d 1259, 1260 (9th Cir. 2017).  Given the evidence that Graham was a member of the Ghost Town Gang, he is familiar with its members, clothing, colors, and insignia.  *See United States v. Soltero*, 510 F.3d 858, 866–67 (9th Cir. 2007) (per curiam).  Further, because we construe the condition "consistent with well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea*," it does not reach unknowing or incidental association with gang members.  *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008).

**AFFIRMED.**