NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10057 |
| Plaintiff-Appellee, | D.C. No. 1:08-cr-00714-SOM-1 |
| v. | |
| ROLAND EGUCHI JR., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted October 21, 2020[**]
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Roland Eguchi Jr. pleaded guilty to a drug offense, in violation of 21 U.S.C.

§ 846, and was sentenced to ten years imprisonment and eight years supervised

release. Following the second revocation of his supervised release, the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court sentenced Eguchi to 12 months imprisonment. Eguchi appeals from his 12-month sentence and challenges a supervised release condition as unconstitutionally vague or overbroad. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. "A due process violation at a revocation proceeding is subject to harmless error analysis." *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003) (quoting *United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir.), *amended by* 216 F.3d 1201 (9th Cir. 2000)). We review whether a supervised release condition violates the Constitution de novo. *United States v. Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015). We affirm.

To succeed on a due process claim, a defendant "must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009) (quoting *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984)). "Challenged information is deemed false or unreliable if it lacks 'some minimal indicium of reliability beyond mere allegation.'" *Id.* at 936 (quoting *Ibarra*, 737 F.2d at 827). With one exception, Eguchi admitted to the first and second set of violations of his supervised release terms. Relying on Eguchi's admissions, the district court provided two bases for its above-Guidelines sentence: the nature of Eguchi's violations and his pattern of violating the terms of

2

supervised release. Eguchi does not challenge the veracity or reliability of the information on which the district court relied. His argument that the district court's reference to a hypothetical sentence evidences its speculation and a due process violation mischaracterizes the record. The district court did not err in determining Eguchi's 12-month sentence.

"A supervised release condition 'violates due process of law if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010) (quoting *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007)). The supervised release condition Eguchi challenges as unconstitutionally overbroad or vague prohibits the use of synthetic cannabinoids and lists as illustrative examples "synthetic marijuana," "K2," and "Spice." This condition is effectively identical to the condition this court upheld in *United States v. Sims*, 849 F.3d 1259 (9th Cir. 2017). Here, the condition "provide[s] people of ordinary intelligence with fair notice of what is prohibited." *Id.* at 1260.

**AFFIRMED.**

3