**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10238 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00025-SOM-1 |
| v. | |
| NOLAN NISHIDA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted July 8, 2021
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Nolan Nishida appeals from his conviction and sentence for attempted persuasion, inducement, or enticement of a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b).  As the parties are familiar with the facts, we do not recount them here.  We affirm in part, and vacate and remand in part.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.  In evaluating a claim of gender discrimination in jury selection under *Batson v. Kentucky*, 476 U.S. 79 (1986), courts apply a three-step framework.  If the defendant makes a prima facie showing that the government's peremptory strike was exercised on the basis of gender and the government provides a gender-neutral reason for striking the juror, "[t]he trial court then [has] the duty to determine if the defendant has established purposeful discrimination." *Hernandez v. New York*, 500 U.S. 352, 363 (1991) (plurality opinion) (citation omitted) (alterations in original); *see also Miller-El v. Cockrell*, 537 U.S. 322, 328-29 (2003).  While we have not set out "specific procedures a trial court must follow at step three," we have held that, "[a]t a minimum, this procedure must include a clear record that the trial court made a deliberate decision on the ultimate question of purposeful discrimination." *United States v. Alanis*, 335 F.3d 965, 968 n.2 (9th Cir. 2003).  "In an ideal setting, a court would use most, if not all, of [its evidentiary] tools in evaluating a *Batson* motion." *Id.* (citation omitted).

Here, as the government concedes, "the district court did not specifically state that the prosecutor's explanations were 'credible' or that the defense had failed to show 'purposeful discrimination.'"  The district court's determination that the government's proffered explanations were "sufficient" does not amount to a "clear record that the trial court made a deliberate decision on the ultimate question of purposeful discrimination." *Id.*  Though we may review *de novo* to make that

2

determination on appeal, *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565-66 (9th Cir. 2015), the record here would make meaningful review difficult. On appeal, Nishida focuses on the strike against Juror 14. The government's explanation for striking Juror 14 centers on his demeanor, into which the district court had superior visibility. *See id.* Therefore, we vacate the district court's denial of the *Batson* motion and remand for the district court to determine in the first instance whether the government engaged in purposeful discrimination. *See id.*; *United States v. Thompson*, 827 F.2d 1254, 1261-62 (9th Cir. 1987). The district court is to hold a new trial only if it determines that a *Batson* violation has occurred.

2. Sufficient evidence supports the jury's verdict. 18 U.S.C. § 2422(b) prohibits using the internet to "knowingly [attempt to] persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense." We have held that "when a defendant initiates conversation with a minor, describes the sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts, he has crossed the line toward persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity" under § 2422(b). *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (per curiam). Nishida sent messages to "Tiffany"—an undercover FBI agent posing as a fourteen-year-old girl—in which he described

3

the unlawful sexual acts he intended to commit with her in graphic detail, reassured her and promised to please her, and maneuvered to keep their meeting when "she" postponed. A rational juror could conclude that these messages constituted attempts to induce or entice a minor to engage in unlawful sexual conduct. *See United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017).

3. The district court properly admitted Exhibit 8 (a copy of the texts extracted from Nishida's phone) under the self-authentication procedure outlined in Federal Rules of Evidence 902(11) and 902(14) based on the certification of a technician. The first line of the technician's declaration certified, under penalty of perjury "pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct." As the committee notes to Rule 902 make clear: "A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath." Fed. R. Evid. 902 advisory committee's notes to 2000 amendments.

The district court's reliance on the technician's declaration in admitting Exhibit 8 does not implicate the Confrontation Clause, which applies only to "testimonial statements," because the certification was not testimony—it was never entered into the record or shown to the jury, but rather merely used to establish that the Government's exhibit is self-authenticating. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309, 322-23 (2009).

4

4. The district court did not err in instructing the jury. First, the district court acted within its discretion in declining to give an "implicit bias" instruction, and Nishida cites no authority for the proposition that the district court was under any obligation to so instruct the jury. Second, the district court correctly instructed the jury that "[a] minor's willingness to engage in the sexual activity . . . is irrelevant to the elements of Title 18, United States Code, Section 2422(b)." This instruction accurately stated the law. *See United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004).

5. Nishida argues the district court plainly erred in imposing certain supervised release conditions. Special Condition No. 12, prohibiting Nishida from using or possessing alcohol, does not lack reasonable support in the record. We have upheld similar conditions for defendants, like Nishida, with a history of substance abuse whose crimes did not involve alcohol. *See United States v. Sales*, 476 F.3d 732, 735-36 (9th Cir. 2007). Nor is this condition unconstitutionally vague. A person "of common intelligence" would not have to "guess at [the] meaning" of this condition. *See United States v. Aquino*, 794 F.3d 1033, 1037 (9th Cir. 2015) (citation omitted). In the context of a requirement that Nishida must "submit to alcohol testing," the condition is sufficiently clear that "alcohol" refers to alcoholic beverages. Nishida cites no authority to the contrary.

Nishida also challenges Special Conditions Nos. 8 and 9, which prohibit

Nishida from possessing or using computers or accessing the internet without the prior approval of the probation officer. If the district court denies Nishida's *Batson* challenge on remand, it may, in its discretion, consider whether there exists a less restrictive means of accomplishing the goals underlying these supervised release conditions. *See* 18 U.S.C. § 3583(d).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**