**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10328 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-02665-JGZ-LAB-1 |
| v. | |
| FREDRICK RONALD PRATT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted November 19, 2021
Phoenix, Arizona

Before: CLIFTON, CALLAHAN, and BRESS, Circuit Judges.

Defendant Fredrick Ronald Pratt appeals his jury conviction and sentence

for one count of knowing access of child pornography in violation of 18 U.S.C.

§ 2252A(a)(5)(B). We affirm the conviction and sentence, but we vacate and

remand the restitution award and one condition of Pratt's supervised release.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Pratt waived his challenges to the jury instruction and the special-verdict form, and they are thus unreviewable on appeal. *See United States v. Lopez*, 4 F.4th 706, 732 (9th Cir. 2021). Pratt's attorney jointly proposed and stipulated to the jury instructions and the special-verdict form. The bases for the challenges raised now on appeal (the plain language of the charged statute and a model jury instruction for a similar statute) were "already on the books" and presumably known to Pratt's counsel during trial. *United States v. Cain*, 130 F.3d 381, 383–84 (9th Cir. 1997) (finding waiver where defendant's counsel jointly "proposed the instruction to which he now objects," and the basis for his challenge "was already on the books"). We recently held that "[c]hallenges to the content of trial documents expressly approved by a defendant with full knowledge of his rights are waived and cannot support the reversal of a conviction on appeal." *Lopez*, 4 F.4th at 732 (defendant waived objection to jury instruction's omission of an element because the record showed he was aware of an instruction for a similar violation that included the element).

2. Alternatively, even if Pratt had not affirmatively waived his objections, his challenge to the jury instruction fails to show plain error. *See Depue*, 912 F.3d at 1232 ("[F]orfeited claims are reviewed for plain error . . . ."). Pratt argues that the instruction constructively amended the indictment by excluding the statute's

"material that contains" language. We disagree. The jury's finding that Pratt knowingly accessed the images necessarily implied that Pratt knowingly accessed the material containing the images. It is exceedingly improbable that the jury believed Pratt accessed the images but not by access through the laptop. Therefore, any error did not impact Pratt's "substantial rights." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). While there may have been some divergence between the language of the indictment and the language of the jury instruction, it did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

3. Pratt's challenges to the special-verdict form likewise fail to meet the plain-error standard. He challenges only the sentence-enhancement portion of the form, which asked, "Do you, the jury, further unanimously find beyond a reasonable doubt that at least one of the visual depictions accessed by the defendant, Fredrick Ronald Pratt, depicted a pre-pubescent minor or a minor under the age of twelve?" First, the verdict form did not mislead the jury by improperly shifting the burden of proof to the defendant. To the contrary, the form required the jury to decide whether facts triggering an enhancement were proven beyond a reasonable doubt. *Cf. United States v. Espino*, 892 F.3d 1048, 1052–53 (9th Cir. 2018) (form requiring the jury to indicate whether defendant was either guilty *or*

3

*not guilty* beyond a reasonable doubt created a (harmless) burden-shifting error). Second, the form did not allow the jury to consider images contained on devices outside the charge of conviction. Here, Pratt stipulated that the image and video files shown to the jury all depicted actual children under age twelve, and there is no reason to believe that the jury's finding on that point was based on images other than those contained on the laptop. Finally, the form's failure to require the jury to find that the images also met the statutory definition of child pornography was not plain error because that determination was already made earlier by a finding of "guilty."

4. The district court did not plainly err in applying a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for "knowingly engag[ing] in distribution." For this enhancement to apply, the district court had to be persuaded by a preponderance of the evidence that Pratt knew the uTorrent file-sharing program he was using would allow others to download child-pornography files from him. *See* U.S.S.G. Suppl. To App. C, Amend. 801 (Nov. 1, 2016); *see also United States v. Lawrence*, 920 F.3d 331, 337 (5th Cir. 2019); *United States v. Budziak*, 697 F.3d 1105, 1109–10 (9th Cir. 2012).

The government presented enough evidence at trial and sentencing for the district court to conclude that Pratt knew of the uTorrent program's peer-to-peer

file-sharing capabilities. Even though Pratt initially claimed ignorance about the ability of other users to access his downloaded files, he admitted to being knowledgeable about computers generally and to using a software program called Tor to access the "dark" web, as well as websites like Pirate Bay, a file-sharing search engine. These admissions, together with other circumstantial evidence in the record, were enough to support the district court's finding that Pratt knew of uTorrent's file-sharing capabilities. Indeed, evidence of a defendant's "technical knowledge and familiarity" with a file-sharing program can be enough to establish that the defendant "knowingly" distributed child pornography. *See Budziak*, 697 F.3d at 1109–10.

In addition, a government investigator testified that he was able to download several-hundred files from the IP address linked to Pratt's laptop, and that Pratt had installed and configured the settings for the uTorrent program on his laptop. The government also presented evidence that the program's interface used words like "share ratio" and "upload speed," which fairly indicated that external file-sharing was taking place. Accordingly, the two-level enhancement for knowing distribution of child pornography under U.S.S.G. § 2G2.2(b)(3)(F) was supported by the preponderance of the evidence, and the district court's factual findings were not clearly erroneous.

5. The district court did not err at sentencing by relying on Pratt's knowledge of deleted pictures of his young relative on his laptop because the images were part of the relevant conduct of the offense. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009) ("[A] sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider, or the source from which it may come." (quoting *Nichols v. United States*, 511 U.S. 738, 747 (1994)) (internal quotation marks omitted) (alteration in original)). The district court did not clearly err in attributing the photos to Pratt under a preponderance standard when they had been deleted from his laptop and he had been convicted of accessing child pornography using that laptop.

6. The district court did not err in applying a five-level enhancement for possession of more than 600 images of child pornography. U.S.S.G. § 2G2.2(b)(7)(d). Pratt argues that the district court erroneously deferred to guidelines commentary advising that each video be treated as 75 images for purposes of calculating the number of images. *See* U.S.S.G. App. C, amend 664 (2004). Guidelines commentary "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). We have continued to

follow *Stinson* after *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019). *See, e.g.*, *United States v. Cuevas-Lopez*, 934 F.3d 1056, 1061 (9th Cir. 2019); *United States v. Crum*, 934 F.3d 963, 966 (9th Cir. 2019). Pratt has not shown that the guidelines commentary violates federal law or is a plainly erroneous reading of the guideline. Regardless, the applicable guideline is genuinely ambiguous as well. The district court thus did not plainly err in imposing the five-level enhancement.

7. The district court did not sufficiently explain the factual basis for imposing the award of $3,000 in restitution to each of five victims, totaling $15,000. At the time of Pratt's offense, restitution was mandatory to child pornography victims in "the full amount of the victim's losses [caused by the offense] as determined by the court." 18 U.S.C. §§ 2259(b)(1), (3) (amended 2018); *see also Paroline v. United States*, 572 U.S. 434, 459–60 (2014). In 2018, after Pratt's offense but before his trial and sentencing, Congress amended the statute to set a $3,000 per-victim minimum. *See* Pub. L. 115-299, § 3, 132 Stat. 4384, 4384–85 (2018); 18 U.S.C. § 2259(b)(2)(B) (2018). It is undisputed that the amendment does not apply retroactively. *See* 18 U.S.C. § 2259B(d). The record suggests that the district court used the amendment's mandatory minimum to support its determination that each of the five victims should be awarded the same $3,000 amount. No other explanation was provided by the district court. The

amount awarded matched what the victims requested, but no explanation was offered to support that particular sum in the victim impact letters, either. The district court appears to have applied a mandatory restitution statute that should not have applied to Pratt. That was plain error. *See United States v. Montgomery*, 384 F.3d 1050, 1064 (9th Cir. 2004). We vacate the restitution order and remand to allow the district court to properly calculate restitution under the pre-amendment law.[1]

8. Finally, Pratt challenges five conditions of his supervised release. Only his challenge to special condition 8 has merit. Pratt argues that the condition's blanket ban on possessing material depicting sexually explicit conduct involving children is overbroad. Conditions of supervised release are permissible only if they "involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008). On its face, special condition 8 may prevent Pratt from participating in court-mandated sex-offender treatment or from litigating the propriety of his conviction. *See United States v. Cope*, 527 F.3d 944, 957–58 (9th Cir. 2008). Nor is it apparent that the limitation on special condition 8—referring

---

[1] At oral argument, Pratt's counsel acknowledged that on remand the district court could impose a higher restitution award, depending on the evidence of each victim's losses.

to materials "deemed inappropriate by your probation officer"—applies to the first clause concerning sexually explicit conduct involving children. The government insists a probation officer would not revoke supervised release conditions in those circumstances, but the government cannot "save a condition by 'promis[ing] to enforce it in a narrow manner.'" *United States v. Aquino*, 794 F.3d 1033, 1037–38 (9th Cir. 2015) (quoting *United States v. Soltero*, 510 F.3d 858, 867 n.10 (9th Cir. 2007) (alteration in original)).

Amendments to conditions must be made by the district court in the first instance. *Cope*, 527 F.3d at 957. We therefore vacate special condition 8 and remand for the limited purpose of allowing the district court to narrow the language of the condition. The district court should make clear that the condition would not subject Pratt to punishment for possessing materials necessary to litigation—including statutes, caselaw, and other items relevant to bringing a collateral attack—or for keeping writings and journals required as part of his mandated sex-offender treatment. *See id.* at 957. Once amended, the condition will "readily pass constitutional muster." *Id.* at 958.

Besides special condition 8, the district court did not err in imposing the remaining conditions.

**AFFIRMED in part, VACATED in part, and REMANDED.**

9