**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ANDREW JOHN GIBSON,
*Defendant-Appellant*.

No. 20-10074

D.C. No.
2:14-cr-00287-KJD-
CWH-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted March 8, 2021
Las Vegas, Nevada

Filed May 20, 2021

Before:  Richard R. Clifton, Jacqueline H. Nguyen, and
Mark J. Bennett, Circuit Judges.

Opinion by Judge Bennett

# SUMMARY[*]

## Criminal Law

The panel affirmed the district court's imposition of two conditions of supervised release—a place restriction and a third-party risk notification condition—in a case in which the defendant was convicted of receipt or distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

The panel held that the place restriction, which forbids the defendant from visiting "any place primarily used by children," is not unconstitutionally vague, as it is sufficiently clear to provide the defendant notice of what types of places he is forbidden to visit. The panel held that the place restriction is not unconstitutionally overbroad, as it is reasonable for protection of the public and appropriate as an aid to the defendant's rehabilitation. Consistent with past cases, the panel interpreted the condition to contain a mens rea of "knowingly."

The panel held that the risk-notification condition— which provides that if the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require him to notify the person about the risk and the defendant must comply with that instruction—is not unconstitutionally vague. The panel explained that the limited discretion vested in the probation officer as to when the condition should be triggered, based on the specific risks posed by the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

defendant's criminal record, does not render it unconstitutionally vague.

## COUNSEL

Amy B. Cleary (argued) and Wendi L. Overmyer, Assistant Federal Public Defenders; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Defendant-Appellant.

Elizabeth O. White (argued), Appellate Chief; Nancy M. Olson, Assistant United States Attorney; Nicholas A. Trutanich, United States Attorney; United States Attorney's Office, Las Vegas, Nevada; for Plaintiff-Appellee.

## OPINION

BENNETT, Circuit Judge:

Defendant Andrew J. Gibson was convicted of a single count of Receipt or Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and sentenced to 168 months' imprisonment. The district court imposed a lifetime term of supervised release with both standard and special supervised release conditions. Gibson challenges the place restriction as unconstitutionally vague and overbroad and the third-party risk notification condition as unconstitutionally vague.[1] We have jurisdiction under 28 U.S.C. § 1291 and

---

[1] We address Gibson's other challenges in a memorandum disposition filed concurrently with this opinion.

18 U.S.C. § 3742 and affirm the district court's imposition of the challenged conditions.

## I.

Law enforcement officers conducting a child pornography investigation involving peer-to-peer file sharing identified files containing child pornography. The officers linked the files to an IP address connected to Gibson's residence, and executed a search warrant at the residence. Gibson waived his Miranda rights and told the investigators that he had been viewing child pornography since he was twelve. A forensic examination of Gibson's devices revealed 307 child pornography images, 201 child pornographic videos, and thousands of images of child erotica. Gibson's collection included images of prepubescent minors and images portraying sadistic or masochistic conduct or other depictions of violence. The number of child pornographic images used for the Guidelines calculation was 15,382.[2]

Gibson was released on a personal recognizance bond following his 2014 indictment. While on supervised release, Gibson informed pretrial services that he would not go to jail and that if anyone came to his home to violate his constitutional rights, he would be "locked and loaded." As a result, Gibson was ordered to a halfway house. Gibson was then involved in a physical altercation with halfway house staff when they tried to take away his contraband smartphone. Gibson surrendered the smartphone but no SIM

---

[2] The district court noted that over time, Gibson developed a serious addiction, and his search terms became more violent and sadistic.

card was recovered. The court then revoked Gibson's pretrial release.

Gibson was convicted following a jury trial. The district court sentenced Gibson to a 168-month prison term and a lifetime term of supervised release.

Gibson appealed, and this court affirmed the conviction but vacated the supervised release component of the sentence and remanded for resentencing. *United States v. Gibson*, 783 F. App'x 653, 654 (9th Cir. 2019). We held that the place restriction which would have required Gibson not to go to "any place where [he] know[s] children . . . are likely to be" was unconstitutionally vague. *Id.* at 655 (alterations in original).[3]

On remand, the district court modified and suspended some of the supervised release terms, and Gibson again appealed.

## II.

We "generally review conditions of supervised release for abuse of discretion." *United States v. Evans*, 883 F.3d 1154, 1159 (9th Cir. 2018). We review de novo claims that conditions violate the Constitution. *Id.* at 1160. "The burden of establishing the necessity of any condition falls on the government." *United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011).

---

[3] We allowed Gibson to re-raise challenges with the district court regarding other aspects of his sentence, including the basis for imposition of the lifetime term of supervised release and the scope of pornography-restrictive conditions. *Gibson*, 783 F. App'x at 655.

## III.

Gibson argues that Special Condition 9—the place restriction—is unconstitutionally vague and unconstitutionally overbroad. The condition provides:

> Place Restriction – Children Under 18 – You must not go to, or remain at, any place primarily used by children under the age of 18, including parks, schools, playgrounds and childcare facilities. This condition includes those places where members of your family are present, unless approved in advance and in writing by the probation officer in consultation with the treatment providers.

## A.

Gibson contends that Special Condition 9 is impermissibly vague because it "lacks notice as to what 'primarily used by children' means." A condition is unconstitutionally vague if it is not "sufficiently clear to inform [the releasee] of what conduct will result in his being returned to prison." *United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002) (per curiam). Specifically, to be constitutionally infirm, "the condition [must] define[] the forbidden conduct in terms so vague that it fails to provide people of ordinary intelligence with fair notice of what is prohibited." *United States v. Sims*, 849 F.3d 1259, 1260 (9th Cir. 2017); *see also United States v. Williams*, 553 U.S. 285, 306 (2008) ("What renders a [condition] vague is not the possibility that it will sometimes be difficult to determine

whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is.").[4]

Properly understood, the place restriction here is sufficiently clear to provide Gibson notice of what types of places he is forbidden to visit. The dictionary defines "primarily" as: "for the most part: chiefly."[5] *Primarily*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/primarily. The phrase "primarily used by children" is not indeterminate. It means a place chiefly and for the most part used by children. Even if it may not be entirely clear whether a particular place is primarily used by children, that does not render the condition unconstitutionally vague. *See Williams*, 553 U.S. at 306.

We acknowledge that some schools (like universities) and some parks (like national parks) are not primarily used by children. But the condition does not bar Gibson from *all* schools and *all* parks—only those "primarily used by children under the age of 18." The phrase "including parks, schools, playgrounds and childcare facilities" lists *examples* of places that *may* be "primarily used by children under the age of 18." So Gibson would not be barred, for example, from Yosemite National Park simply because it is a "park" or the University of Nevada simply because it is a "school," as neither is a place "primarily used by children under the

---

[4] *Williams* evaluated a statute for vagueness. 553 U.S. at 306. We have held that the principles that apply in determining whether a statute is unconstitutionally vague also apply to conditions of supervised release. *See United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004).

[5] To determine "the plain meaning of terms, we may consult the definitions of those terms in popular dictionaries." *Metro One Telecomms., Inc. v. Comm'r of Internal Revenue*, 704 F.3d 1057, 1061 (9th Cir. 2012).

age of 18." But Gibson *would* be barred from elementary schools and playground parks, because those places *are* "primarily used by children under the age of 18."

Gibson cites *Rudd* to support his argument, but it is inapplicable here. First, we were explicit that we did "not reach the question of the substantive reasonableness of the 2,000 foot residency restriction because we conclude[d that] the district court erred procedurally." *Rudd*, 662 F.3d at 1264. More importantly, *Rudd* dealt with a residency restriction, *id.* at 1258–59, which could have made finding housing difficult or even impossible and would have subjected the defendant to potential violations based on neighborhood changes around him that were outside his control.

We hold that Special Condition 9 is not unconstitutionally vague.

**B.**

Gibson also contends that the condition is unconstitutionally overbroad, arguing that the phrase "primarily used by" is all-inclusive and amorphous and bans Gibson from going to "all schools, eateries, malls, movie theaters, libraries, bowling [alleys], museums, and national parks." Citing *Rudd*, he also argues that the condition deprives him of more liberty than necessary.

A condition may be overbroad if it "restrict[s] more of the defendant's liberty than necessary." *United States v. Wolf Child*, 699 F.3d 1082, 1090–91 (9th Cir. 2012). But a condition is not overbroad if it "(1) [is] reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation; (2) involve[s] no greater deprivation of liberty than is reasonably necessary to achieve

these goals; and (3) [is] consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* at 1100 (citation omitted).

To succeed on his overbreadth challenge, Gibson must show that the condition is unreasonable because it is "a greater deprivation on his liberty than required to achieve deterrence, public protection, and rehabilitation." *United States v. Blinkinsop*, 606 F.3d 1110, 1121 (9th Cir. 2010). In rejecting challenges to place restrictions like the one at issue here, we have noted that these conditions are "a standard prohibition in child-pornography cases" and have upheld them as reasonable. *See id.* (holding that "[b]ecause [the condition][6] addresses [the defendant's] conduct, promotes his rehabilitation, and protects the public, it generally does not appear overbroad in achieving these results"); *United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008) (upholding a condition that prohibited the defendant from "frequent[ing], or loiter[ing], within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18" (alterations in original)); *United States v. Rearden*, 349 F.3d 608, 620 (9th Cir. 2003) (holding that a condition prohibiting the defendant from "frequenting or loitering within one hundred feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of eighteen" was reasonable).

---

[6] The condition at issue in *Blinkinsop* was: "Defendant shall not go to or loiter near school yards, parks, play grounds, arcades, or other p[l]aces primarily used by children under the age of 18." 606 F.3d at 1119–20.

Here, the district court found:

> Over many years the Defendant has collected
> a vast library of photos and videos of
> children, not all of which are pornographic.
> To permit him to go to parks and other places
> which cater primarily to children for the
> purpose of viewing those to whom he is
> sexually attracted, may lead to viewing the
> same kinds of material for which he stands
> convicted as well as interfere with sex
> offender treatment.

That Gibson does not have a history of physically abusing
children or loitering where there are children, does not mean
that he does not pose a future threat to children. Gibson had
a vast library of images of minors, including prepubescent
minors, and images portraying sadistic or masochistic
conduct or other depictions of violence. As the district court
noted:

> Over many years, [Gibson] reached a level of
> serious addiction where he progressed to
> viewing increasingly violent and sadistic
> behavior. His search terms included: "boy
> hogtied," "boy rape," "drugged boy" and "14
> year old boy forced into sex by group of
> cowboys." . . . The total number of child
> pornography images for purposes of
> guideline calculations is 15,382. The videos
> included male adults engaged in anal
> intercourse and fellatio with nude
> prepubescent children some of which
> included sadistic or masochistic conduct or

other depictions of violence, including bondage.

Special Condition 9 is reasonable for the protection of the public.[7]

In addition to protecting the public, this condition is also appropriate as an aid to Gibson's rehabilitation, because, as the district court found, "permit[ting] [Gibson] to go to parks and other places which cater primarily to children for the purpose of viewing those to whom he is sexually attracted, may lead to viewing the same kinds of material for which he stands convicted as well as interfere with sex offender treatment."

The condition is broad, but that does not mean it violates the Constitution. "[E]ven very broad conditions are reasonable if they are intended to promote the probationer's rehabilitation and to protect the public." *Daniels*, 541 F.3d at 928 (citation and quotation marks omitted). As the Supreme Court has stated, "[c]hild pornography harms and debases the most defenseless of our citizens." *Williams*, 553 U.S. at 307. Special conditions like this one, in circumstances like these, are reasonable.[8]

---

[7] Gibson cites *United States v. R.V.*, 157 F. Supp. 3d 207 (E.D.N.Y. 2016) for the proposition that there is "no causal connection . . . between computer/Internet crimes and child sex abuse." But the *R.V.* court observed that "[r]esearchers disagree over the extent of overlap between child pornography offenders and pedophilia, as well as child pornography offenders and contact sexual offenders." *Id.* at 239.

[8] The condition provides: "This condition includes those places where members of your family are present, unless approved in advance and in writing by the probation officer in consultation with the treatment

We hold that Special Condition 9 is not unconstitutionally overbroad.

## C.

Gibson also argues that the condition is both overbroad and vague because it lacks "a mens rea requirement restricting Gibson from going to or remaining in place[s] he *knows* children are likely to be." Consistent with our past cases, we interpret the condition to contain a mens rea element of "knowingly." *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008); *Wolf Child*, 699 F.3d at 1100 n.9.

## IV.

Gibson also challenges Standard Condition 12 as unconstitutionally vague. Standard Condition 12 states:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

---

providers." Gibson argues that the condition impermissibly interferes with his right and ability to interact with his own children and minor family members in the future. But Gibson has no children and specified no minor family members, and thus his challenge is merely hypothetical, unlike the defendant in *Wolf Child*. *See* 699 F.3d at 1091, 1096–97. If Gibson has children in the future, he can either ask his probation officer for permission to interact with them or seek modification from the court.

This is a standard condition promulgated by the Sentencing Commission.  As stated in our past cases, this condition is read to limit the "risks" to those "posed by the defendant's criminal record." *See United States v. Magdrilia*, 962 F.3d 1152, 1159 (9th Cir. 2020); *see also Evans*, 883 F.3d at 1164 (noting with approval the removal of "personal history or characteristics" from the Sentencing Manual formulation of the condition).  A prior version of this standard condition was repeatedly criticized, including by a Seventh Circuit decision striking the provision as unconstitutional, because it was "[h]opelessly vague." *See United States v. Hill*, 818 F.3d 342, 345 (7th Cir. 2016).  In response to this criticism, the United States Sentencing Commission amended the provision to the version challenged here by Gibson.[9]  *See Evans*, 883 F.3d at 1162–64.  We struck the prior "hopelessly vague" version in *Evans, id.* at 1163–64, but Gibson argues that the new version is as infirm as the old one.

The condition at issue in *Evans* required Evans, "[a]s directed by the probation officer, to notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics . . . ." *Id.* at 1163 (alterations in original) (quotation marks omitted).  Like the Seventh Circuit, we found this language impermissibly vague because it left the defendant guessing as to whom he would need to notify and what he would need to tell them. *Id.* at 1163–64.

We stated that "[a] probationer must be put on clear notice of what conduct will (and will not) constitute a

---

[9] *See* U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines 44 (2016), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160428_RF.pdf.

supervised release violation." *Id.* at 1164 (quoting *United States v. Soltero*, 510 F.3d 858, 867 n.10 (9th Cir. 2007)). But we then explained that "the Sentencing Commission recognized as much when it amended the applicable guideline to remove the ambiguous phrase 'personal history or characteristics' and to clarify that a probation officer may only require a defendant to notify specific persons of specific risks that the defendant poses to those persons." *Id.* (citing U.S. Sentencing Guidelines Manual § 5D1.3(c)(12)). We then remanded the case "for the district court to modify [the] Standard Condition . . . in accordance with [our] opinion." *Id.* In other words, we were telling the district court to use the constitutional new language in place of the unconstitutional old language. And the language in Standard Condition 12 is the exact language in the United States Sentencing Guidelines Manual § 5D1.3(c)(12) to which we referred.

In *United States v. Magdirila*, we struck down another third-party risk notification condition[10] that *did not* track the language in the amended Sentencing Guidelines Manual. 962 F.3d at 1158–59. We instructed that the "district court may wish to consider the language in United States Sentencing Guideline[s] Manual § 5D1.3(c)(12), which suggests that a defendant's notification obligations should be limited to specific persons regarding specific risks *posed by the defendant's criminal record.*" *Id.* at 1159 (emphasis in original).

---

[10] "As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications." *United States v. Magdirila*, 962 F.3d 1152, 1156 (9th Cir. 2020).

Several non-precedential opinions of this court since *Evans* have upheld third-party risk notification conditions that track the language of the Guidelines Manual. *United States v. Jackson*, 838 F. App'x 262, 265 (9th Cir. 2020) ("This court has already affirmed the use of the challenged condition."); *United States v. Pruitt*, 839 F. App'x 90, 95 (9th Cir. 2020) ("The risk-notification condition is nearly identical to the language in Sentencing Guideline[s] Manual § 5D1.3(c)(12), which we approved in [*Magdirila*] and [*Evans*]."); *United States v. Burleson*, 820 F. App'x 567, 569–70 (9th Cir. 2020) (same); *United States v. McPherson*, 808 F. App'x 450, 452 (9th Cir. 2020) (same); *United States v. Oseguera*, 793 F. App'x 579, 581 (9th Cir. 2020) (same); *United States v. Davis*, 785 F. App'x 374, 376 (9th Cir. 2019) (same).

And there is nothing unconstitutionally vague about Standard Condition 12. The probation officer makes the determination of the nature of the risk, and to whom the warning must be given by the probationer. And, importantly, the probation officer must give the probationer a specific instruction and the probationer "must comply with that instruction."

Gibson's contention that the condition cannot be "saved by vesting discretion in the probation officer," is unavailing. As we noted in *Magdirila*, the risks referenced in the condition are limited to the "specific risks *posed by the defendant's criminal record.*" 962 F.3d at 1159. As such, probation officers do not have unfettered discretion under this condition. The limited discretion vested in the probation officer as to when the condition should be triggered does not render it unconstitutionally vague. *See Evans*, 883 F.3d at 1164. In fact, that bounded discretion is necessary, because, as the district court here pointed out, requiring district court

judges "to write a condition that would include every possible scenario would take months," and even then, it is all but certain that not every situation could possibly be captured. The condition in the Sentencing Guidelines Manual that we have endorsed multiple times may be flexible, but it is sufficiently certain to withstand constitutional scrutiny. To the extent that there was any ambiguity in our holdings in *Evans* and *Magdirila*, there is no longer: Standard Condition 12 is constitutional and may be imposed in appropriate cases.

**AFFIRMED.**