**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>TOMMY LEONARD,<br><br>Defendant-Appellant.</td><td>No. 20-10406<br><br>D.C. No.<br>4:14-cr-00294-JST-1<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Tommy Leonard appeals the district court's imposition of a special

condition of supervised release requiring that he submit "his person, residence,

office, vehicle, or any property under his control" to searches "by a United States

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion." We have jurisdiction under 28 U.S.C. § 1291. We "generally review conditions of supervised release for abuse of discretion," but we review constitutional challenges to supervised release conditions de novo. *United States v. Gibson*, 998 F.3d 415, 418 (9th Cir. 2021) (citation omitted). We vacate and remand.

1. The challenged search condition does not violate the Fourth Amendment. *See Samson v. California*, 547 U.S. 843, 857 (2006) ("[T]he Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee."); *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) ("There is no sound reason for distinguishing parole from supervised release with respect to [a supervised release search] condition."); *United States v. Rusnak*, 981 F.3d 697, 712 (9th Cir. 2020) (rejecting Fourth Amendment challenge to a condition permitting suspicionless searches of Rusnak's person and property).

2. We nevertheless vacate the suspicionless search condition because the district court ordered suspicionless searches of Leonard's "electronic devices and their data, including cell phones, computers, and electronic storage media" without making "a properly supported factual finding" that "establish[es] some nexus between computer use" and the supervised release goals of deterrence, public

2

protection, or rehabilitation. *United States v. Bare*, 806 F.3d 1011, 1013, 1017 (9th Cir. 2015) (citing 18 U.S.C. §§ 3553(a)(2)(B)–(D)). Any nexus is not apparent from the record. *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (clarifying that the district court need not state reasons for supervised release conditions only "if the reasoning is apparent from the record"). We remand for the district court either to modify the search condition consistent with this decision or make the appropriate findings.

**VACATED & REMANDED.**