**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10030 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-08298-GMS-1 |
| v. | |
| DANEIL FRANCIS WILSON II, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Daneil Francis Wilson II appeals from the district court's judgment and

challenges his guilty-plea conviction and 252-month sentence and a standard

condition of supervised release imposed for ten counts involving kidnapping and

assault, in violation of 18 U.S.C. §§ 113(a), 1153, and 1201.  We have jurisdiction

---

  *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Wilson contends that the district court erred by denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. He argues that the district court should not have considered the timing of his guilty plea, and should have heard his allocution before denying the adjustment. The district court did not abuse its discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (district court's application of the Guidelines to the facts is reviewed for abuse of discretion). The court denied the adjustment after deciding that an obstruction of justice enhancement was warranted and observing that Wilson did not plead guilty until the second day of trial. Both are valid grounds for denying an acceptance of responsibility adjustment. *See* U.S.S.G. § 3E1.1 cmt. n.4 (because conduct resulting in an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," the district court should only grant both adjustments in "extraordinary cases"); § 3E1.1 cmt. n.1(H) (timeliness of a defendant's acceptance of responsibility is one of the considerations in evaluating whether to grant an adjustment under § 3E1.1(a)).

Contrary to Wilson's argument, our decision in *United States v. Green*, 940 F.3d 1038 (9th Cir. 2019), does not require a district court to hear the defendant's allocution before denying an acceptance of responsibility adjustment. Rather, we

held in that case that a district court *can* wait to determine the adjustment until after the defendant's allocution if the allocution might provide information necessary to "make an accurate, well-considered determination." *Id.* at 1043. Here, the record shows that the court believed the obstruction of justice enhancement and tardy guilty plea were reason enough to deny the adjustment. Nevertheless, after Wilson's allocution, the court acknowledged that Wilson had "belatedly acknowledge[d] [his] guilt" as to all ten charges and granted a significant downward variance. On this record, the district court did not err.

As Wilson concedes, his remaining arguments are foreclosed. *See United States v. Gibson*, 998 F.3d 415, 422-23 (9th Cir. 2021) (rejecting claim that the supervised release condition Wilson challenges is unconstitutionally vague); *United States v. Zepeda*, 792 F.3d 1103, 1111-13 (9th Cir. 2015) (en banc) (rejecting argument that the Indian Major Crimes Act violates the Equal Protection Clause).

**AFFIRMED.**