NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

No.   20-10072

Plaintiff-Appellee,

D.C. No. 1:19-cr-00012-1

v.

MEMORANDUM[*]

MICHAEL LOUIS MCCARRON,

Defendant-Appellant.

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted January 19, 2022
Honolulu, Hawaii

Before:  O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Michael McCarron appeals his conviction and sentence for attempted

enticement of a minor and attempted transfer of obscene material to a minor.  As

the facts are known to the parties and set forth in our concurrently filed opinion,[1]

we repeat them only as necessary to explain our decision.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] In the concurrently filed opinion, we address McCarron's other arguments concerning his conviction and sentence.  *See United States v. McCarron*, --- F.4th ---- (9th Cir. 2022).

I

Special Agent Albo's challenged testimony, which the Government concedes was improper, is not a basis for reversal. Because McCarron "failed to raise a specific ['ultimate issue'] objection to the testimony at trial . . ., we review the district court's decision . . . only for plain error." *See United States v. Campos*, 217 F.3d 707, 712 (9th Cir. 2000). On plain error review, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *United States v. Olano*, 507 U.S. 725, 734 (1993). McCarron fails to carry such burden in view of the overwhelming evidence against him. Moreover, we reject McCarron's argument that Albo's testimony "suggested that McCarron had confessed elsewhere in the video" of his non-custodial interview. Albo was not asked if McCarron confessed, and the line of questioning did not imply that he had.

II

Because McCarron intentionally withdrew his Rule 106 objection to the video excerpts of his non-custodial interview, he waived any review. *See United States v. Manarite*, 44 F.3d 1407, 1419 n.18 (9th Cir. 1995) ("[W]ithdrawal of an objection is tantamount to a waiver of an issue for appeal."). In any event, we are satisfied from our review of the entire video and of the excerpts played at trial that the Government's editing was neither misleading nor harmful.

III

The district court's instructional error regarding the community standard for obscenity does not require reversal. "Where, as here, the defendant failed to object to the jury instruction before the district court, we review for plain error whether the instruction misstated the law." *See United States v. Robertson*, 895 F.3d 1206, 1218 (9th Cir. 2018). A "national community standard must be applied in regulating obscene speech on the Internet, including obscenity disseminated via email." *United States v. Kilbride*, 584 F.3d 1240, 1254 (9th Cir. 2009). Under *Kilbride*, the district court did err in instructing the jury to use a local community, rather than a "national community," standard for obscenity. But McCarron does not and cannot explain how applying the "national community" standard would have changed the result. Accordingly, he fails to carry his plain-error burden of demonstrating the error affected his substantial rights. *See Olano*, 507 U.S. at 734.

IV

The district court did not plainly err when it declined to give McCarron an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(a).[2] Application Note 2 of § 3E1.1(a) provides, "This adjustment is not intended to apply to a

---

[2] McCarron resists plain error review by pointing out that he adopted the initial presentence report, which "included [the] reduction." But he subsequently also adopted, without objection, the final presentence report, which no longer recommended the reduction.

3

defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1, note 2. Indeed, it is the "rare situation[]" where a defendant "clearly demonstrate[s] an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." *Id.* McCarron's scattered record statements of "contrition and remorse," as McCarron describes them, fail to convince us that this case presents such a "rare situation[]." *See id.*

The district court also did not plainly err in imposing an enhancement under U.S.S.G. § 2G3.1(b)(1)(E), which applies when "the offense involved distribution to a minor that was intended to persuade, induce, entice, [or] coerce, . . . the minor to engage in prohibited sexual conduct." McCarron argues that the evidence was insufficient to show he attempted to persuade, induce, entice, or coerce a minor—an argument we have already rejected in our concurrently filed opinion.

V

McCarron's argument that Standard Condition 12 is unconstitutionally vague is foreclosed by our decision in *United States v. Gibson. See* 998 F.3d 415, 422–23 (9th Cir. 2021).

VI

The judgment of the district court is **AFFIRMED.**

4