**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10251 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00215-APG-VCF-1 |
| v. | |
| ENRIQUE GALINDO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted August 10, 2022[**]
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Defendant-Appellant Enrique Galindo appeals the district court's denial of

his motion to suppress evidence and its imposition of a condition of supervised

release requiring him to notify third parties about the "specific risks posed by [his]

criminal record" if his probation officer so directs him ("Condition 12"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. The district court did not err in denying Galindo's motion to suppress. "In a case of mistaken identity, the question is whether the arresting officers had a good faith, reasonable belief that the arrestee was the subject of [interest]." *Sharp v. County of Orange*, 871 F.3d 901, 910 (9th Cir. 2017) (citation omitted). "The constitutionality of the arrest thus turns on the reasonableness of the [officers'] mistake." *Id.* Galindo matched the description of Louis Franco provided to the police: he is approximately 5'5" and 200 pounds, Hispanic, has tattoos on his head and neck, was found near the apartment complex where Franco was expected to be, and was in the company of a woman matching the description of Franco's girlfriend.

It was thus reasonable for the officers to mistake Galindo for Franco. Galindo's match to the collective aspects of the specific description of Franco provided to the police is distinguishable from the mere resemblance to general descriptions that we have found insufficient to establish probable cause. *See United States v. Grant*, 682 F.3d 827, 833 (9th Cir. 2012); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1202–03, 1208 (9th Cir. 2008); *United States v. Lopez*, 482 F.3d 1067, 1073 (9th Cir. 2007). We reject Galindo's arguments that the reasonableness of the police officers' mistake was undermined by other "disparate factors." Accordingly, because Galindo did not argue that the police officers

2

lacked probable cause to arrest Franco, and because the police reasonably mistook Galindo for Franco, Galindo's arrest was valid.[1] *See Hill v. California*, 401 U.S. 797, 802 (1971).

2.    The district court did not impose an unconstitutional condition of supervised release by imposing Condition 12.[2]  We recently held that an almost identically worded supervised release condition was not unconstitutionally vague. *United States v. Gibson*, 998 F.3d 415, 422–23 (9th Cir. 2021).  Although Condition 12 includes additional language concerning "specific risks posed by [his] criminal record," this language does not render the condition unconstitutionally vague.  *See id.* at 422; *United States v. Magdirila*, 962 F.3d 1152, 1159 (9th Cir. 2020).

**AFFIRMED.**

---

[1] Because we hold that the police had probable cause to arrest Galindo, we need not address whether Galindo was subject to a *de facto* arrest or a *Terry* stop. *United States v. Potter*, 895 F.2d 1231, 1233 (9th Cir. 1990); *United States v. Rodriguez*, 869 F.2d 479, 483 n.1 (9th Cir. 1989).

[2] We reject the government's argument that the appeal waiver in Galindo's plea agreement precludes him from challenging Condition 12 as unconstitutional. *See United States v. Wells*, 29 F.4th 580, 587–88 (9th Cir. 2022) (considering on the merits claim that condition of supervised release was unconstitutionally vague, despite defendant's waiver of "general right to appeal" "any aspect" of his sentence).