**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10118 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00009-HDM-CLB-1 |
| v. | |
| WILLIAM PHILLIP NEIDINGER, AKA William Joseph Beck III, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted July 18, 2023
San Francisco, California

Before: WARDLAW and M. SMITH, Circuit Judges, and RAYES,[**] District Judge.

William Phillip Neidinger appeals his conviction of making a false statement

on a passport application and sentence of eight months' imprisonment and three

years' supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

affirm. Because the parties are familiar with the facts and relevant standards of review, we do not recount them here, except as necessary to provide context to our ruling.

1.      Neidinger argues that he did not knowingly and intelligently waive his right to counsel because he reserved "rights" under *Haines v. Kerner*, 404 U.S. 519 (1972) in response to the district court's questions about his understanding that he would receive no special treatment if he represented himself. Neidinger's reference to *Haines* was both relevant and applicable to the criminal context. *See Haines*, 404 U.S. at 520–21 (holding self-represented litigants to "less stringent" pleading standards); *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020) (applying *Haines* in criminal case). Even "indulging 'every reasonable presumption against waiver,'" *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (quoting *United States v. Arlt*, 41 F.3d 516, 520 (9th Cir. 1994)), a relevant and appropriate reference to caselaw does not reflect a misunderstanding of "the dangers and disadvantages of self-representation," *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987).

2.      The district court did not err when it rejected Neidinger's proposed mens rea instruction and gave another that allowed Neidinger to present his own defense. Neidinger's defense was that, based on an excerpt from the *Freedom Outlaw's Handbook: 179 Things to Do 'til the Revolution* (the "*Handbook*"), he

believed he assumed the identity of William Beck and used Beck's information on the passport application, believing it to be his own.

The jury instruction given at trial allowed Neidinger to present his defense that he was Beck—and indeed his standby counsel did so in closing. We find no reversible error. *See United States v. Whittemore*, 776 F.3d 1074, 1078 (9th Cir. 2015) (finding no reversible error in rejecting a defendant's proposed instruction when the given instruction "adequately encompass[ed]" the defendant's theory).

3.      The district court did not err by excluding a blog post and comments containing other statements made by Beck, admitting the *Handbook* excerpt off the record, and excluding Beck as a witness. None of these decisions prevented Neidinger from presenting his complete defense because Neidinger read the *Handbook* excerpt into the record, displayed the admitted excerpt to the jury, testified generally about the blog post and comments, and explained that they made him believe the *Handbook* reliable. Moreover, Beck's anticipated testimony was irrelevant because Neidinger did not encounter Beck until *after* he claimed to have formed the belief that he had taken on Beck's identity. *Cf. DePetris v. Kuykendall*, 239 F.3d 1057, 1062–63 (9th Cir. 2001) (finding error where a journal corroborative of a defendant's state of mind was entirely excluded and no witness—including defendant—was permitted to testify about it even generally).

4.      Nor did the district court abuse its discretion by not giving a specific

unanimity instruction. A specific unanimity instruction is necessary only when "there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011). The jury note did not reflect confusion about whether Neidinger committed different acts. And a jury need not be unanimous as to which statement was false to convict for making a false statement on a passport application. *See United States v. McCormick*, 72 F.3d 1404, 1409 (9th Cir. 1995).

5.     Finally, Neidinger's challenges to his sentence and release conditions are unavailing. The district court did not err by basing the sentence on Neidinger's decision to proceed to trial in violation of Neidinger's due process rights. Rather, the district court explained that a term of imprisonment in the upper quartile of the Guidelines range was justified in light of Neidinger's criminal history and history of noncompliance, his denial of responsibility, and his "ludicrous" theory of defense, which the district court found utterly "incredible."

Amid the full explanation, the district court made the offhand comment that "[i]t's been a difficult case. I—we went through two trials. There was the first jury [that] couldn't convict and didn't convict on the evidence presented." Yet the district court stated twice that Neidinger's decision to go to trial and testify had nothing to do with the sentence determination. The district court simply "note[d]

the fact that [Neidinger] went to trial," which is not reversible error where, as here, "the court base[d] its final decision on the facts of the case and the record as a whole." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1270 (9th Cir. 2013).

Nor was the sentence length substantively unreasonable. As explained above, the district court did not consider Neidinger's decision to go to trial when calculating the sentence. And the district court explained that the upper-quartile sentence was necessary to deter Neidinger and others from making false statements on passport applications and to protect the public from Neidinger's misdeeds, concerns reasonably based in Neidinger's non-trivial criminal history and history of noncompliance. The sentence was substantively reasonable.

Lastly, the district court did not plainly err in imposing standard release condition twelve, which requires him to notify anyone identified by his probation officer of the risk he might pose to them. We have held this type of risk-notification condition is not unconstitutionally vague. *See United States v. Gibson*, 998 F.3d 415, 423 (9th Cir. 2021).

**AFFIRMED.**