NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-218 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00151-DSF-1 |
| v. | |
| WILLIAM LAWRENCE BILLOW, AKA William Lawrence Billows, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 12, 2025**
Pasadena, California

Before: GRABER, HAMILTON***, and BUMATAY, Circuit Judges.

Defendant William Billow was convicted of possessing and distributing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.
.

child pornography.  In 2010, the district court imposed a sentence of 120 months' imprisonment, to be followed by 15 years of supervised release.  The district court orally pronounced Condition 5:

> Mr. Billow shall possess and use only those computers and computer–related devices, screen user names, passwords, e-mail accounts, and Internet Service Providers—ISPs—which have been disclosed to the probation officer upon commencement of supervision.  Any changes or additions are to be disclosed to the probation officer prior to its first use.  Computers and computer-related devices [are] personal computers, Personal Data Assistants—PDAs—internet appliances, electronic games, cellular telephones, and digital storage media[,] as well as their peripheral equipment[,] that can access[,] or can be modified to access[,] the internet, electronic bulletin boards and other computers.

The oral pronouncement does not contain commas, and the transcript does not capture pauses or inflections made by the judge.  The bracketed commas above are from the text of the proposed condition in the Probation Recommendation Letter.

After Defendant's release from prison, he was charged with violating Condition 5.  The district court found that Defendant had violated Condition 5 by possessing, without disclosing, four USB drives.  The court revoked supervised release and sentenced Defendant to five months and a day of custody, to be followed by a new 15-year period of supervised release.  Defendant challenges his revocation sentence, and we affirm.

1. Condition 5 is neither vague nor overbroad.  We review these

constitutional arguments de novo. <u>United States v. Gibson</u>, 998 F.3d 415, 418 (9th Cir. 2021).

The definition of "computers and computer-related devices" clearly applies to USB drives. Defendant argues that the court's definition of "computers and computer-related devices" must be read, without the bracketed commas, to require prior authorization for "computers, Personal Data Assistants—PDAs—internet appliances, electronic games, cellular telephones, and digital storage media as well as their peripheral equipment that can access or can be modified to access the internet, electronic bulletin boards and other computers." He then asserts that it is impossible to tell whether the phrase concerning access to the internet applies only to "peripheral equipment" or, instead, to all the listed devices. We disagree. Even if we accept Defendant's implausible interpretation, the sentence plainly notifies Defendant that he may not possess, without first disclosing, any device that can store, download, transmit, or otherwise facilitate access to child pornography on the internet. A USB drive falls under both "digital storage media" and "peripheral equipment." Defendant also claims that the term "Internet appliances" is vague. He argues that this term does not clearly distinguish between devices that can access the Internet for any purpose, like a "smart" refrigerator, and the smaller category of devices that can be used to obtain and download material from the Internet, presumably like a laptop. But because we hold that Defendant violated

3                                                                            24-218

two different terms in Condition 5, Defendant cannot challenge "Internet appliances" as vague. See Kashem v. Barr, 941 F.3d 358, 375 (9th Cir. 2019) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (citation and internal quotation marks omitted)). Accordingly, Condition 5 is not vague.

Neither is it overbroad. In view of Defendant's history of hiding electronic devices from, and lying to, both law enforcement and pretrial services officers, the condition is appropriately tailored to Defendant's conduct. Condition 5 does not prohibit Defendant from using any devices, nor does it permit the Probation Office to search those devices. It is narrowly tailored to require only disclosure of what computers and computer-related devices Defendant has.

2. Defendant next argues that the evidence was insufficient to support revocation. This argument is unavailing because Defendant admitted to the allegation that, "[h]aving been ordered by the Court to possess and use only those computers and computer-related devices which have been disclosed to the probation officer, . . . [Defendant was] in possession of four USB devices that were not disclosed to the probation officer." He even apologized for "the poor judgment of not disclosing these USB drives." See United States v. Chavez-Diaz, 949 F.3d 1202, 1209 (9th Cir. 2020) ("[I]n the face of an unconditional guilty plea, that a claim on appeal challenges or contradicts the defendant's 'factual guilt' is

4                                                              24-218

sufficient to find waiver.").

3. Contrary to Defendant's argument, the district court did not commit a procedural error "by relying on unreliable information and the seriousness of the violation conduct" in determining the sentence. As noted, Defendant admitted to the violation. In addition, the Probation Office found that Defendant had deleted a large amount of child pornography. The court permissibly inferred that Defendant's violation conduct was intentional. See United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (stating that the district court may draw inferences from the facts in the record); United States v. Robelo, 596 F.2d 868, 870 (9th Cir. 1979) ("The sentencing judge is certainly entitled . . . to draw reasonable inferences.").

4. Finally, the sentence was substantively reasonable. The district court imposed a lesser term of imprisonment than the government sought and the Probation Office recommended, and the court imposed a new term of supervised release that was below the maximum. The court carefully explained its reasons, which were proper under 18 U.S.C. § 3583(e). See United States v. Miqbel, 444 F.3d 1173, 1181–82 (9th Cir. 2006) ("[A]t a revocation sentencing, a court may appropriately sanction a violator for his 'breach of trust,' but may not punish him for the criminal conduct underlying the revocation.").

**AFFIRMED.**