NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ALEXANDER DAVID WATHOGOMA, <br><br> Defendant - Appellant. | No. 24-311 <br><br> D.C. No. 3:15-cr-08029-DLR-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 27, 2025[**]
Phoenix, Arizona

Before: GRABER and BENNETT, Circuit Judges, and LEFKOW, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

Defendant Alexander David Wathogoma appeals the imposition of supervised release conditions. We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

Generally, we "review for abuse of discretion the conditions of supervised release set by the district court." *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010). When determining whether such conditions violate the Constitution, our review is de novo. *See United States v. Wells*, 29 F.4th 580, 583 (9th Cir. 2022).

1. The conditions restricting Wathogoma's contact with female minors are substantively reasonable.[1] *See United States v. Gnirke*, 775 F.3d 1155, 1161 (9th Cir. 2015) (stating legal standard). Evidence in the record shows that Wathogoma had a history of "hands-on sexual nonconsensual contact," experienced "pop-in" thoughts about his girlfriend's minor daughter when masturbating and engaging in foreplay with his girlfriend, and failed to comply with his probation officer's instructions to not be alone with his girlfriend's minor daughter or to spend the night at his girlfriend's house.

The district court reasonably concluded that "[a] minor contact prohibition w[ould] prevent future victimization and minimize risk to the community," and that restricting access to his girlfriend's minor daughter would aid in Wathogoma's

---

[1] Wathogoma does not challenge the procedural reasonableness of the conditions.

sex offender treatment. *See* 18 U.S.C. § 3553(a)(2)(C)–(D) (listing the need "to protect the public from further crimes of the defendant" and the need "to provide the defendant with needed . . . correctional treatment in the most effective manner" as statutory goals of supervision). And because Wathogoma violated prior instructions from his treatment provider and from his probation officer, the minor contact restrictions do not restrict Wathogoma's liberty more than necessary.

We further conclude that the minor contact restriction conditions are not unconstitutionally overbroad. *See United States v. Gibson*, 998 F.3d 415, 420 (9th Cir. 2021) (stating legal standard). Wathogoma relies on the right to familial association, but that right "is not absolute" and "must be balanced against the interests of the state, and when conflicting, against the interests of the children." *Kruse v. Hawai'i*, 68 F.3d 331, 336 (9th Cir. 1995) (citations and internal quotation marks omitted). The evidence described above supports Wathogoma's minor contact restriction condition.

Moreover, Wathogoma's minor contact restriction conditions are less onerous than conditions that we have found violate the constitutional right to familial association. *See United States v. Wolf Child*, 699 F.3d 1082, 1096–97, 1103 (9th Cir. 2012) (holding that conditions restricting the appellant from being in the company of his fiancée and his own children were substantively unreasonable). The supervised release conditions allow Wathogoma to have contact with his own

children, his girlfriend, and female children with "prior written permission from the probation officer." *See United States v. Blinkinsop*, 606 F.3d 1110, 1121 (9th Cir. 2010) (upholding similar conditions).

2. The condition requiring Wathogoma to keep a masturbation log is also substantively reasonable. The district court reviewed sufficient evidence to impose this condition including Wathogoma's polygraph examinations and testimony from his sex offender treatment provider. The district court justified the log as a form of "guardrails" that would help protect the community by identifying whether Wathogoma posed a threat to his girlfriend's minor daughter. This condition does not restrict Wathogoma's liberty more than necessary. Because the polygraph examinations were insufficiently specific about Wathogoma's "pop-in" thoughts, the masturbation log provides useful information about the risk Wathogoma poses and can aid in his sex offender treatment.

The requirement that Wathogoma keep a masturbation log is not unconstitutionally overbroad. Wathogoma was already required to disclose his masturbatory and sexual fantasies during his polygraph examinations. And we have upheld other probation conditions that infringe on a defendant's free speech rights. *See, e.g.*, *Wells*, 29 F.4th at 591 ("[A] defendant's free speech rights may be infringed to effectively address his sexual deviance problem." (cleaned up)

(quoting *Gnirke*, 775 F.3d at 1160)). The district court also made clear that it could adjust this condition as appropriate based on Wathogoma's entries in the log.

Nor is this condition unconstitutionally vague. *See Gibson*, 998 F.3d at 419 (stating legal standard). The parameters of the log were described on the record, and Wathogoma's probation officer agreed to send written instructions. Wathogoma told the district court that he understood the instructions. The instructions are sufficiently clear.

**AFFIRMED.**