**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1875 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00085-WHA-1 |
| v. | |
| JESSE FRANKLIN SWARTZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted May 14, 2025[**]
San Francisco, California

Before: S.R. THOMAS, M. SMITH, and BRESS, Circuit Judges.

Jesse Swartz was convicted of one count of assaulting a federal employee, in violation of 18 U.S.C. § 111(a)(1). He appeals two employment-related conditions of his supervised release. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court has broad discretion pursuant to 18 U.S.C. § 3583(d) to impose conditions of supervised release, which "are permissible if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and 'involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.'" *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003) (quoting *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003)). District courts are entitled to "substantial deference" when imposing conditions of supervised release because they have "far more familiarity with the defendant's criminal conduct and life circumstances than appellate judges do." *United States v. LaCoste*, 821 F.3d 1187, 1190 (9th Cir. 2016). District courts are not required to articulate the reasoning behind every condition at sentencing, but when a condition of supervised release "implicates a significant liberty interest, the district court must support its decision on the record with evidence justifying the condition." *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008).

Because Swartz did not object to the conditions at sentencing, we review for plain error. *LaCoste*, 821 F.3d at 1190. "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008).

The district court did not plainly err in imposing Standard Condition 8 and

Special Condition 2. Standard Condition 8 requires Swartz to "at all times work at least part-time (defined as 20 hours per week)" unless he is "excused from doing so by the probation officer for schooling, training, community service or other acceptable activities." Special Condition 2 requires Swartz to "either have full-time employment, full-time training for employment, or full-time job search, or some combination thereof, unless otherwise excused by probation." The record supports that these conditions are reasonably related to the statutory purposes of sentencing, as employment may "provide [Swartz] with needed education or vocational training," 18 U.S.C. § 3553(a)(2)(D), and may also reduce the risk of reoffending, serving the purposes of deterrence and protection of the public. *See id.* §§ 3553(a)(2)(B), (a)(2)(C). The conditions permit Swartz to be excused from compliance if necessary, and they do not involve a "greater deprivation of liberty than is reasonably necessary." *United States v. Gibson*, 998 F.3d 415, 420 (9th Cir. 2021) (quoting *United States v. Wolf Child*, 699 F.3d 1082, 1100 (9th Cir. 2012)). Because the conditions do not implicate "an especially significant liberty interest," *United States v. Weber*, 451 F.3d 552, 560 (9th Cir. 2006), the district court was not required "to articulate on the record at sentencing the reasons for imposing each condition." *Rearden*, 349 F.3d at 619.

Finally, Standard Condition 8 and Special Condition 2 are not inconsistent with each other and thus are "sufficiently clear" to comport with due process. *United*

*States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002). There are various combinations of activities that would satisfy both conditions. And both conditions offer flexibility, allowing Swartz to be excused by probation.

**AFFIRMED.**