NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

SERGIO MAYA,

*Defendant-Appellant*.

No. 24-2930

D.C. No.
5:23-cr-00052-MCS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted October 6, 2025[**]
Pasadena, California

Before: GILMAN, GOULD, and KOH, Circuit Judges.[***]

Sergio Maya pled guilty to possession with intent to distribute fentanyl, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The district court sentenced Maya to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, Sixth Circuit, sitting by designation.

240 months of imprisonment followed by 10 years of supervised release, including several special conditions of supervised release. Maya appeals Condition 13, barring Maya from accessing and/or using all social media platforms;[1] Condition 14, requiring Maya to disclose all digital devices, social media accounts, cloud storage accounts, existing messaging applications, and new applications;[2] Condition 15, subjecting Maya to computer monitoring;[3] and Condition 16, requiring Maya to pay for his computer monitoring.[4] We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we vacate and remand all four conditions.

"We generally review conditions of supervised release for abuse of

---

[1] "The defendant is prohibited from using and/or accessing Facebook social media platform. All other social media platforms accessed and/or used require prior approval by the Probation Officer."

[2] "The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, which have been disclosed to the Probation Officer upon commencement of supervision. Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data related to social media accounts."

[3] "All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search seizure, and computer monitoring. This shall not apply to items used at the employment site that are maintained and monitored by the employer."

[4] "The defendant shall comply with the rules and regulations of the Computer Monitoring Program. The defendant shall pay the costs of the Computer Monitoring Program."

discretion," but "review de novo claims that conditions violate the Constitution." *United States v. Gibson*, 998 F.3d 415, 418 (9th Cir. 2021) (internal quotation marks and citation omitted). The government bears "[t]he burden of establishing the necessity of any condition." *Id.* (internal quotation marks and citation omitted). "A district court necessarily abuses its discretion … if it makes a legal error." *United States v. Holden*, 908 F.3d 395, 403 (9th Cir. 2018).

1. Maya and the government agree that Condition 16 exceeds the district court's statutory authority. Condition 16 requires Maya to "pay the costs of the Computer Monitoring Program." The district court imposed this condition without first determining Maya's ability to pay for computer monitoring, which the parties agree is required by 18 U.S.C. § 3672.[5] We grant the parties' request to vacate and remand Condition 16 for the district court to correct its error.

Maya and the government also agree that Conditions 15 and 16 are vague and overbroad. Condition 15 uses the undefined terms "computers" and "computer-related devices," which we have previously held are unconstitutionally vague without clarification. *United States v. Wells*, 29 F.4th 580, 588-90 (9th Cir. 2022) (holding a special condition using "computer" and "computer-related devices" without further clarification is vague). Condition 15 is also overbroad to

---

[5] The parties do not dispute and did not brief whether computer monitoring programs are "services, training, or guidance" covered by § 3672's requirements.

3

the extent that it imposes computer monitoring without clarifying the kind or degree of monitoring authorized. *United v. Sales*, 476 F.3d 732, 737-38 (9th Cir. 2007) (holding that a supervised release condition that did not indicate "what kinds or degrees of [computer] monitoring are authorized" "is overbroad").[6] Accordingly, we grant the parties' request to vacate and remand Condition 15.

2. Maya also challenges Conditions 13 and 14 as vague and overbroad. Special conditions of supervised release "are permissible if they are reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender, taking into account the offender's history and personal characteristics, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Watson*, 582 F.3d 974, 982 (9th Cir. 2009) (internal quotation marks and citation omitted). A condition is not reasonably necessary if "there [are] other more sharply focused conditions that could be expected to accomplish the goal of the overbroad restriction." *Id.* at 984. A district court must "explain a sentence," including conditions of supervised release, "sufficiently to communicate that a reasoned decision has been made and permit meaningful appellate review." *United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012) (internal quotation marks and citation omitted). We affirm so long

---

[6] We agree with the parties that Maya's remaining overbreadth challenges to Conditions 15 and 16 are not ripe until the district court clarifies Conditions 15 and 16.

as the reasoning "is apparent from the record." *Id.* at 890 (cleaned up).

Maya argues Condition 13 is overbroad because it prohibits him from accessing or using all "social media platforms," "including sites that do not facilitate communication." The district court explained that the prohibition "will deter future conduct" "because Mr. Maya used a cell phone and social media to sell drugs," and the government argues that the prohibition is justified because it "ensure[s] that [Maya] cannot circumvent his Facebook ban by selling drugs on other sites that allow messaging."[7] Condition 13, however, restricts Maya's access to *all* social media, not just social media "that allow[s] messaging." We can discern no justification for such a broad prohibition from the record. *See Sales*, 476 F.3d at 736-37 (holding that a supervised release condition barring use of "any particular computer, or computer-related device" was overbroad because Sales used only "a scanner, computer, and printer to counterfeit currency"). Therefore, we vacate and remand Condition 13 for the district court to impose a "more sharply focused condition[]." *Watson*, 582 F.3d at 984.

Maya argues Condition 14 is also overbroad. The district court again explained that this condition "will deter future conduct" "because Mr. Maya used a cell phone and social media to sell drugs." Maya first objects to Condition 14's definition of "digital devices" as "any electronic system or device that can access,

---

[7] Maya does not challenge Condition 13's Facebook ban.

view, obtain, store, or transmit digital data related to social media accounts." On this record, that definition is overbroad. There are now, and there might be in 17 to 20 years when Maya is placed on supervised release, devices that can "access" or "transmit digital data" from social media accounts, but that cannot be used to communicate with someone "to sell drugs." Neither the district court nor the government explain why requiring Maya to disclose such a device is "reasonably related" to the purposes of supervised release, and we cannot discern a justification from the record. Accordingly, we vacate and remand Condition 14.

Second, Maya argues that Condition 14's requirement that he disclose his cloud storage accounts and passwords is overbroad. The government responds that this requirement will "deter defendant from destroying messages or other evidence from his phone or accounts and storing backup copies on cloud storage." That is particularly true given that Maya erased Facebook messages after committing the instant crime to which he pled guilty. This requirement is overbroad, however, because it is not limited to cloud storage accounts that can be used to back up phone data or other messaging data. We cannot discern from the record why requiring Maya to disclose *all* cloud storage accounts is justified.[8] The district

---

[8] Maya also argues that Condition 14 is overbroad because it would allow his probation officer to monitor "the documents that [Maya] creates on his computer," which is "like searching his diary or inspecting his closets." *United States v. Lifshitz*, 369 F.3d 173, 191-92 (2d Cir. 2004). But that argument misunderstands

court can narrow this requirement as it deems appropriate on remand.

Finally, Maya argues that Condition 14 is overbroad because it requires Maya to disclose to his probation officer "[a]ny new … applications" before using them, which would include phone games and weather applications. The government does not defend requiring Maya to disclose all applications. Instead, the government argues that "applications" in Condition 14's second sentence refers only to "messaging applications," as used in Condition 14's first sentence. Although Maya disputes that reading, he "welcome[s]" a "remand to the district court for clarification." On remand, the district court can clarify the meaning of "applications." [9]

**VACATED AND REMANDED.**

---

Condition 14, which requires Maya to only "disclose[]" his accounts and passwords.

[9] Because we conclude that Conditions 13 and 14 are overbroad, we do not reach Maya's vagueness challenges.