**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10200 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00145-MMD-GWF-1 |
| v. | |
| RYAN MASTERS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted June 16, 2017
San Francisco, California

Before: SCHROEDER, FISHER,[**] and N.R. SMITH, Circuit Judges.

Defendant Ryan Masters appeals several supervised release conditions

imposed following his conviction for possession of 15 or more unauthorized access

devices, conspiracy to possess such devices, and aggravated identify theft. He also

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

appeals the term of supervised release imposed due to a discrepancy between the oral pronouncement and the written judgment. We affirm each of the challenged supervised release conditions, and vacate the judgment in part and remand to conform the written judgment of sentence to the oral pronouncement.

1. Where Masters properly preserved his objections to the conditions, we review for abuse of discretion, but we review for plain error where Masters raises a new objection on appeal. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). There was no abuse or plain error. A condition imposing warrantless searches on reasonable suspicion of a violation is well within the district court's discretion. *See United States v. Bare*, 806 F.3d 1011, 1018 (9th Cir. 2015). It was not plain error to require Masters to contribute, limited by his ability to pay, to the cost of mental health treatment. *See United States v. Soltero*, 510 F.3d 858, 865 (9th Cir. 2007). Given Masters's sophisticated use of credit card fraud in committing his crimes, it was not an abuse of discretion to require approval before he opened additional lines of credit or incurred new credit card charges. *See United States v. Jeremiah*, 493 F.3d 1042, 1046 (9th Cir. 2007); U.S. Sentencing Guidelines Manual § 5D1.3(d)(2). Because contextually the approval requirement for "negotiating or consummating new financial contracts" can only be understood as referring to new debt obligations, and not simple cash transactions, there was no

2

abuse of discretion as to that term. Similarly, the condition requiring that Masters turn over "information" about his computer system and "related digital devices" is not overbroad or vague, and covers only information necessary for his entire computer system to be identified and monitored. *See United States v. Goddard,* 537 F.3d 1087, 1089 (9th Cir. 2008). Finally, the district court did not abuse its discretion by imposing a supervised-release condition requiring ten months of home confinement following Masters's below-guidelines sentence in order to obtain mental health treatment. *See United States v. T.M.*, 330 F.3d 1235, 1242 (9th Cir. 2003); U.S. Sentencing Guidelines Manual § 5D1.3(e)(2).

2. During the oral pronouncement of sentence, the district court stated that supervised release for all counts would run concurrently, meaning the total term was three years. The written judgment, however, states that one count would run consecutively to the others, meaning the total term would be four years. In these circumstances, both parties agree vacating the judgment in part so that the district court may conform the written judgment to the oral pronouncement of sentence is required. *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

**AFFIRMED** in part, **VACATED** in part, and **REMANDED.**