NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   23-10018 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:21-cr-00128-DKW-1 |
| PAUL HENRI MARIE HARLEMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, Chief District Judge, Presiding

Submitted June 10, 2024[**]
Honolulu, Hawaii

Before:  CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Paul Harleman pleaded guilty to wire fraud and money laundering and was

sentenced to sixty-four months' imprisonment to be followed by supervised release.

On appeal, he raises several objections to the sentence.  Finding no error, we affirm.

1.       Harleman contends that the district court "double count[ed]" by

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

applying sentencing enhancements for use of sophisticated means and abuse of a position of trust. *See* U.S. Sent'g Guidelines Manual ("U.S.S.G.") §§ 2B1.1(b)(10)(C), 3B1.3 (U.S. Sent'g Comm'n 2023). However, the "enhancements accounted for a different aspect of [Harleman's] offense and were separately authorized and intended by the Guidelines." *United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008). The district court applied the sophisticated means enhancement to account for the means "employed . . . to carry out his fraudulent scheme" and the abuse of a position of trust enhancement to account for "the fact that [Harleman] was employed by his victims and entrusted with a position that allowed him unique access to each victim's finances." The district court thus did not abuse its discretion. *See United States v. Farrace*, 805 F. App'x 470, 475 (9th Cir. 2020) (finding no abuse of discretion in application of both sophisticated means and abuse of trust enhancements).

2. Harleman argues that "the district court failed to art[ic]ulate" reasons for rejecting his "request for a downward variance for being a deportable alien" and failed to address his argument that he would therefore be ineligible for certain sentence reductions. To the contrary, the district judge documented that he "considered [Harleman's] arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The court stated that Harleman's status as a deportable alien was "not a basis for

2

changing the application of the sentencing guidelines," and subsequently said it had considered Harleman's "deportation and immigration status" and was "aware of those immigration consequences." The court also noted that, in the absence of an immigration detainer, it was "not otherwise clear . . . that [Harleman] will be deported."

3. Harleman contends that the imposition of supervised release violates U.S.S.G. § 5D1.1(c), which provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which . . . the defendant is a deportable alien who likely will be deported after imprisonment." Because Harleman did not object to the imposition of supervised release, we review for plain error. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). We find none. Notwithstanding § 5D1.1(c), a court may impose supervised release on a deportable alien if it "would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1(c), cmt. n.5; *see also United States v. Castro-Verdugo*, 750 F.3d 1065, 1072 (9th Cir. 2014) (finding no error in imposition of supervised release for "an added measure of deterrence."). Moreover, the district court found that it was not clear Harleman would in fact be deported after serving his sentence or that, if deported, he would not return.

4. Harleman challenges five supervised release conditions as vague and overbroad. Conditions may not be so vague that they fail to inform a defendant "of

what conduct will result in his being returned to prison," *United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002), and may not be "overbroad, thereby restricting more of the defendant's liberty than necessary," *United States v. Wolf Child*, 699 F.3d 1082, 1090–91 (9th Cir. 2012). Harleman failed to object to these conditions below. That failure generally triggers plain error review, *see id.* at 1089, but this Court has left open the question whether plain error review applies when an objection is based on the purported unconstitutionality of a condition, *see United States v. Nishida*, 53 F.4th 1144, 1150 n.2 (9th Cir. 2022). In any event, Harleman's objections fail whether reviewed for abuse of discretion or plain error. *See Wolf Child*, 699 F.3d at 1089.

a. The requirement that Harleman not participate in "any investment-related activity" without prior approval by his probation officer, is appropriately designed to deter future financial misconduct. *See id.* at 1089–90. The condition provides a non-exhaustive list of covered investment activities and is not "so vague that it fails to provide people of ordinary intelligence with fair notice of what is prohibited." *United States v. Sims*, 849 F.3d 1259, 1260 (9th Cir. 2017).

b. Harleman challenges a requirement that he not "incur new credit charges, or open additional lines of credit, or apply for any loans" or "borrow money or take personal loans from any individual without the prior approval of the probation officer." Harleman stole over one million dollars through a series of

4

transactions over multiple years and this condition is clearly designed to deter similar future misconduct. The condition is neither vague nor overbroad to the extent it restricts credit charges, lines of credit, and loan applications. These restrictions "are reasonably related to supervising [Harleman's] ability to make restitution payments," *United States v. Jeremiah*, 493 F.3d 1042, 1046 (9th Cir. 2007), and serve to deter financial misconduct, *see United States v. Masters*, 693 F. App'x 639, 639 (9th Cir. 2017). Nor is the prohibition on borrowing money or taking personal loans absent prior approval overbroad. These conditions "are intended to promote the probationer's rehabilitation and to protect the public." *United States v. Gibson*, 998 F.3d 415, 421 (9th Cir. 2021) (cleaned up).

c. Harleman next challenges the requirement that he "provide the probation officer with a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all of [his] sources and amounts of income, all of [his] expenses, and any business [he owns], in whole or in part." He contends the condition is overbroad because it means he could not "hold a garage sale or sell his car without prior approval." But the condition does not require prior approval; it only requires reporting. Given the restitution judgement, this condition is not overbroad.

d. Harleman also challenges a condition that he "provide the probation officer with access to any and all business records, financial records, client lists, and

other records, pertaining to the operation of any business [he owns], in whole or in part, as directed by the probation officer." He claims this impermissibly requires him to share "confidential" client information. But Harleman is not a certified public accountant, and there is no federal accountant-client privilege. *United States v. Arthur Young & Co.*, 465 U.S. 805, 817 (1984).

e. Finally, Harleman challenges a condition that if self-employed, he "employ a bookkeeper and/or accountant to manage [his] business records . . . at the discretion and direction of the probation officer." This is not "vague," and the district judge did not err in imposing this condition, which is directly tailored to preventing future fraud.

**AFFIRMED**.